LORING F. WHEELER *versus* THE FRONTIER BANK.

The statute of 1836, c. 233, entitled "Further to regulate Banks and Banking," does not render stockholders in a bank, who had become proprietors of their stock before the passage of that act, personally liable for the debts of the bank.

THIS case came before the Court upon a statement of facts of which the material parts appear in the opinion. If in the opinion of the Court the action could be maintained, a default was to be ordered ; and if it could not be, then the plaintiff was to become nonsuit.

*B. Bradbury* and *Hayden* argued for the plaintiff.

In support of the position, that all statutes on the same subject should be considered in connexion, in giving a construction to any one of them, they cited 1 Bac. Abr. Stat. I. And to show that all the parts of a statute are to be examined, and that the general intention should govern, regardless of particular words, they cited Co. Lit. 381 (a) ; 1 Kent, 461 ; 2 Gall. 204 ; 2 Cranch, 33 ; 1 Pick. 248. They also cited the various statutes in relation to banks, with comments, and particularly, St. 1836, c. 233, and Rev. St. c. 77.

And in support of the position, that if the act of 1836 was retrospective and embraced the present case, it was thus far unconstitutional and void, they cited 3 Story's Com. on the Const. $ 1370, 1379 ; 9 Cranch, 43 ; 8 Wheat. 1 ; 2 Greenl. 28 and 275 ; 6 Greenl. 112 ; 8 Mass. R. 445 ; 15 Mass. R. 447 ; 16 Mass. R. 76.

*D. T. Granger* in his argument for the defendants commented upon the statutes in relation to this subject, and contended that the act of 1836, in its terms, clearly embraced the present case.

The act was constitutional. The Court will not declare an act of the legislature to be unconstitutional, unless it be clearly so.    14 Mass. R. 340 ; 16 Mass. R. 270 ; 2 Fairf. 284.

He contended that the statute of 1836 created no new liability of stockholders in banks, but merely provided a remedy for a creditor to avail himself of the liability created by the prior

statute of 1831. The books are full of cases to show, that an act of the legislature providing a remedy in such cases is constitutional. Among them are 1 Metc. & P. Dig. 559, 554, 563; 4 Wheat. 122; 12 Wheat. 370; 2 Pick. 158; 19 Pick. 48; 21 Pick. 169, 250; 22 Pick. 430; 2 Fairf. 284; *Oriental Bank* v. *Freese*, 6 Shepl. 109.

The opinion of the Court was drawn up by

WHITMAN C. J. — The plaintiff appears to have been the owner of fourteen shares of the capital stock in the bank of the defendants, on which a dividend of thirty-one dollars and fifty cents had been declared; and which had been by him demanded of them before the institution of this suit. He has also been the owner of four shares, the par value of which was four hundred dollars, in the Washington County Bank, ever since its incorporation in March, 1835; which bank was indebted in a large amount to the defendants; who had demanded the same, as provided in the statute of 1836, " Further to regulate Banks and Banking;" and more than fifteen days had elapsed thereafter, when the defendants commenced a suit to recover the same against that bank; and in pursuance, as was supposed, of a provision for the purpose, in the same statute, attached the plaintiff's shares in the capital stock in the defendants' bank, valuing them at four hundred dollars, being the equivalent for the par value of the plaintiff's four shares in the Washington County Bank. This attachment was made before the said dividend was declared; and, if authorized by law, the after dividends would be included in it.

The plaintiff contends, that his stock was not liable to be so attached, his ownership in the stock of the Washington County Bank having had its commencement anterior to the passage of the act aforesaid, which provides, that the individual stockholders in banks shall be liable for the debts of banks, in which they are stockholders, to the amount of the stock by them owned; because it was not competent for the legislature to create a liability, where none existed before, by an act having a retrospective operation. It may be well in the first place to

ascertain whether the legislature, in passing the act of 1836, intended it should have a retrospective operation; if not, the defendants cannot resist the claim of the plaintiff. The language of it is general; without limiting it to those, who might thereafter become owners of stock; but, what they had not authority to do, we may well suppose they did not intend to do; and we cannot think that it requires the citation of authorities, or an elaborate course of reasoning, to prove that the legislature cannot have power to create a liability of an individual, for a debt for which he was not before liable; nor can they authorize the attachment of the property of any one, and the disposition of it, to pay a debt, which he had not before contracted to pay. After the passage of the act of 1836, those, who became owners of stock, might well be considered as having become so with a view to, and an acquiescence in, the liability created by the act. But those who previously had become owners of stock, when no such liability had been provided for, would certainly have a right to complain if their stock could be taken from them to pay a debt, for which they had not before been in any manner liable. It may be urged that stockholders, who receive a dividend of the capital stock, may be rendered liable in equity to contribute towards the payment of debts due from the corporation, in proportion to the amount of stock owned by each; but this is a very different affair from that of taking by execution the whole of an individual's shares, when no such dividend has taken place, to satisfy a debt due from the corporation. However general the expressions may have been in the act of 1836, the conclusion, that it could not have been intended to subject the owners of shares in the capital stock of banks, who were such before the passage of that act, to liability to have their shares seized on execution for the debts of the corporation, it seems evident, that the legislature could not so have intended; for upon a revision of that enactment (Rev. Stat. c. 77, § 41) it is provided, that the private property of individual stockholders of banks, to the amount of such shares as they may have acquired in a bank, after the taking effect of the said act

Wheeler *v.* Frontier Bank.

of 1836, shall be liable to be attached on mesne process, and levied upon in suits against the banks in which they are respectively interested. This can scarcely be regarded otherwise than as a legislative construction of the act of 1836 in this particular; and comes strongly in aid of what it would, independently, seem to be presumable as to the intention of that act. We come therefore unhesitatingly to the conclusion that the plaintiff's shares were not in this case liable to attachment. The defendants, therefore, are, as agreed by the parties, to be defaulted, and judgment is to be entered for the amount of the dividend claimed, with interest thereon from the date of the writ.