JACOB HIRSHFELD, Appellant, *v.* JOHN BOPP et al., Respondents.

A creditor of a domestic banking corporation, seeking to charge a stockholder under the statute, is bound to allege and prove all the facts upon which the liability depends; he must aver the performance of conditions precedent, or set forth facts which in law excuse their performance.

Under the section of the Banking Law (§ 52, chap. 689, Laws of 1892) which provides that "except as prescribed in the Stock Corporation Law," the stockholders of a banking corporation shall be individually responsible for its debts to the extent of the amount of their stock, etc., the provisions of the Stock Corporation Law, having general application, which relate to the liability of stockholders in corporations, are to be considered as incorporated in the section, and the words "except as prescribed in" are to be construed as though the language was "subject to the limitations in."

The liability, therefore, of a stockholder of a banking corporation is subject to and limited by the conditions affixed to the liability of stock-

holders prescribed by the "Stock Corporation Law" (§ 55, chap. 688, Laws of 1892), *i. e.*, (1) the recovery of a judgment against the corporation for the debt and the return of an execution thereon unsatisfied; (2) that the debt was payable within two years from the time it was contracted; (3) that the action against the corporation was brought within two years after the debt became due, and, if the action is brought against a stockholder after he ceased to be such, that it be brought within two years after that time.

The complaint in an action brought by a creditor of a banking corporation, in his own behalf and that of other creditors, against stockholders, neither averred the recovery of a judgment against the corporation for the debt owing to plaintiff, nor that action has been brought thereupon against it, and there were no proper allegations in the complaint setting forth an excuse for the non-performance of that condition.　There was no averment as to the time when the debts owing by the bank were contracted, or that they were payable within two years.　*Held,* that a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, was properly sustained.

*It seems,* that when an action has been brought by the People against such a corporation, and a judgment has been rendered therein dissolving it, sequestrating its property, appointing a receiver, and restraining creditors from bringing suit against it, this is an excuse for the non-performance of the condition precedent requiring a judgment against the corporaation and the return of an execution unsatisfied.

*It seems,* also, that when the insolvency of the corporation has been judicially declared, and all its assets are in the custody of the law for equal distribution among creditors, an action in equity, brought in behalf of all the creditors, against the stockholders, to enforce their liability, in which the receiver is joined as defendant, is a just and reasonable method of ascertaining and having finally determined the respective liabilities of the stockholders.

While the Banking Law changes in some respects the method of enforcing the liability of stockholders, it does not change its essential character from what it was under the prior law (Chap. 226, Laws of 1849; chap. 469, Laws of 1882), and imposes no new liability.

The act, therefore, is not unconstitutional, as applicable to stockholders who became such prior to its passage, and it is not necessary to allege in a complaint against stockholders that they became such after the passage of the act.

Reported below, 81 Hun, 555.

(Argued January 28, 1895; decided February 26, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made November 16, 1894, which affirmed an inter-

locutory judgment in favor of defendants entered upon an order of Special Term sustaining a demurrer to the complaint.

This action was brought by a creditor of the Madison Square Bank, an insolvent banking corporation organized under the banking laws of this state, now in the hands of a receiver, to enforce an alleged liability of the defendants, stockholders in said bank at the time of the appointment of the receiver, to the creditors of the corporation under sec. 52 of the Banking Law, chap. 689 of the Laws of 1892. The plaintiff sues on his own behalf and in behalf of all other creditors similarly situated. The defendant Kursheedt and others demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained at Special and General Terms and from the judgment sustaining the demurrer this appeal is taken. The complaint alleges that the Madison Square Bank was a domestic banking corporation, but does not allege when it was organized. It alleges that on the 1st day of August, 1893, the People commenced an action in the Supreme Court against the bank for its dissolution, on the ground, among others, of insolvency, and that November 24, 1893, judgment was entered thereon dissolving the corporation and forfeiting its corporate franchises and providing for the distribution of its assets among its creditors, and restraining its several creditors from instituting any action against it, and appointing receivers with the usual powers of receivers in such cases, and that the receivers had duly qualified and entered upon the performance of their duties. It alleges that the bank issued its capital stock of $500,000, which was divided into 5,000 shares of $100 each, and that at the time of the commencement of the People's action and the rendition of the judgment therein, the defendants were stockholders holding respectively the number of shares specifically set forth in the complaint. There is no allegation as to the time when the several defendants became stockholders or whether they were stockholders at or prior to the enactment of the Banking Law of 1892. It alleges that prior to the commencement of the People's action the plaintiff had deposited with the bank

moneys belonging to him amounting to $5,334.41, for which the bank was indebted to him on that day, and that no part of the same has been re-paid except the sum of $1,309.85, and that there is now due and owing to him from the bank the sum of $4,024.56, with interest from August 10, 1893 (the day of the commencement of the People's action), although payment has been often requested of said bank. There is no allegation of the time when the deposit was made, except the allegation that it was prior to the commencement of the People's action, nor of the terms of the deposit, whether special or otherwise, nor of the time when a cause of action against the bank accrued. It alleges that the assets in the hands of the receivers are wholly inadequate to pay the creditors of the bank in full, and that after the application of all the assets to the payment of the debts, there will remain a deficiency owing to creditors, exceeding the sum of $500,000. The complaint then sets forth that by reason of the premises the stockholders (defendants) have become individually responsible to the plaintiff and the other creditors of the bank equally and ratably, and not one for the other, for all the contracts, debts and engagements of the corporation to the extent of the amount of stock severally held by them at the time of the commencement of the action, at the par value thereof, in pursuance of the provision of the statute in such case made and provided. It alleges that the receivers (who are joined as defendants), although requested by the plaintiff to institute an action to enforce the liability of the stockholders, had declined so to do, on the ground that the right to enforce such liability did not vest in them as receivers. The complaint demands judgment against the several stockholders on the statutory liability alleged, and for an adjustment of the claims of the respective creditors and for the payment of the fund received to the receivers for equitable distribution, and for such other and further relief as should be equitable.

*Louis Marshall* for appellant. The proposition that an action cannot be maintained under the provisions of section

52 of the Banking Law unless the conditions specified in section 55 of the Stock Corporation Law are complied with, is unsound. (Code Civ. Pro. § 1806; *F. N. Bank* v. *Lamb,* 50 N. Y. 95.) Assuming that a limitation upon the stockholders' liability created by section 52 of the Banking Law, similar to that specified in section 55 of the Stock Corporation Law, has been created, there is no reason why the liability under the Banking Law cannot be enforced, even though no judgment has been recovered against the corporation on behalf of any creditor for the amount of his claim and no execution thereon has been returned unsatisfied. (*McCulloch* v. *Norwood,* 58 N. Y. 562; *Platt* v. *Ashman,* 32 Hun, 230; *Gold* v. *Clyne,* 58 id. 419; *A. N. Bank* v. *Wendell,* 64 id. 208; *Shellington* v. *Howland,* 53 N. Y. 371; *Kincaid* v. *Dwinelle,* 59 id. 548; *Flash* v. *Com.,* 109 U. S. 71; *Hardman* v. *Sage,* 124 N. Y. 25, 31; *N. T. Bank* v. *Wetmore,* Id. 241; *Payne* v. *Gardner,* 29 id. 146; *Howell* v. *Adams,* 68 id. 314; *Boughton* v. *Flint,* 74 id. 476, 482.) The act of 1892 is constitutional and applicable to this corporation, although it was incorporated and its stock issued prior to the passage of the Banking Law, and the act under which it was incorporated imposed no liability upon its stockholders. (*In re L. & C. Bank,* 21 N. Y. 9; *Miller* v. *State,* 15 Wall. 478–493; *Holyoke Co.* v. *Lyman,* 15 id. 519; *R. R. Co.* v. *Maine,* 96 U. S. 510; *Sinking Fund Cases,* 99 id. 700–719; *N. Y. C. Co.* v. *C. S. R. R. Co.,* 40 Hun, 29–31.) The claim that the language of section 52 of the Banking Law clearly excludes from its purview a corporation existing prior to 1892 is also without foundation. (*In re L. & C. Bank,* 21 N. Y. 9.) The remedy chosen in the present case is the proper one. (*Mathez* v. *Neidig,* 72 N. Y. 100; *Griffith* v. *Mangam,* 73 id. 611; *Pfohl* v. *Simpson,* 74 id. 137; *Weeks* v. *Love,* 50 id. 571.) The action is maintainable at this time, notwithstanding the fact that it may not have been ascertained with absolute definiteness to what extent the assets of the corporation will be insufficient to pay the claims of creditors. (*Walton* v. *Coe,* 110 N. Y. 109.) The receivers were

properly made defendants in this action for the purpose of enabling the court, if it deemed it desirable to do so, to make use of the receivership as a means of adjusting the claims of creditors and distributing among them the moneys realized from the stockholders in this action. (*Greaves* v. *Gouge*, 69 N. Y. 154; *Hawes* v. *Oakland*, 104 U. S. 450 )

*Joseph Fettretch* for respondents. This action cannot be maintained. (Laws of 1892, chap. 689.) The obtaining of a judgment against the bank and return of the execution thereon unsatisfied, in whole or in part, were conditions precedent to the plaintiff's right to maintain any action on the alleged debt of the bank against the defendants as its stockholders. (*Handy* v. *Draper*, 89 N. Y. 334; *R. M. N. Bank* v. *Bliss*, Id. 342.) There is no allegation in the complaint that the plaintiff did anything which would excuse him from alleging the conditions precedent of a recovery of a judgment against the corporation and issuing execution thereon, even if under the law under discussion this would avail anything. The absence of such allegation is fatal. (*N. T. Works* v. *Ballcu*, 146 U. S. 517.) Had the making of a preliminary injunction and the appointment of temporary receivers been alleged it would not have helped the plaintiff, for, notwithstanding any such allegations, the plaintiff would not have been excused from alleging the performance of the conditions precedent, as to judgment and execution, for at least until the final judgment he could have proceeded with the permission of the court (if not without it) to put himself in position to maintain his action against stockholders. (*Mason* v. *N. Y. S. M. Co.*, 27 Hun, 307; *B. N. Bank* v. *Mosser*, 14 id. 605; *Lindsley* v. *Simonds*, 2 Abb. Pr. [N. S.] 69; *Chamberlin* v. *H. Mfg. Co.*, 118 Mass. 532–536.) Whatever the construction of section 24, chapter 40, Laws 1848, the respondents submit that under section 55, chapter 688, Laws 1892, the plaintiff cannot maintain any action against the defendants without alleging the commencement of an action against the corporation and the issuing and return of execution thereon unsatisfied in whole or in

part. (Laws of 1892, chap. 688, § 55 ; *People* v. *Coleman*,. 126 N. Y. 450; *Karst* v. *Gane*, 136 id. 321.) The stockholders' liability is statutory, and the legislature had the right to provide the manner of its enforcement, and having so provided, even though it may work a hardship in some cases, yet the provisions must be complied with before any liability can be enforced. (*Terry* v. *Little*, 101 U. S. 216, 217.) The legislature intended to enact that in no case could any recovery be had against the stockholder of a corporation, on any debt due by the corporation, where the creditor did not, before bringing his suit against the stockholder, recover a judgment against the corporation, and issue execution thereon, and have the same returned. (Laws of 1892, chap. 688, § 55.) The allegation that on a certain day the Madison Square Bank was indebted to the plaintiff is not the allegation of a fact, but of a mere conclusion of law, and is dependent upon the facts as to whether, as a conclusion of law, it is correct. These facts the plaintiff was bound to allege, and in such a form as to show that a liability exists on the part of the defendants Kursheedt in favor of the plaintiff. (*Dean* v. *Mace*, 19 Hun, 391;. *Handy* v. *Draper*, 89 N. Y. 334.) The complaint must show that the alleged corporate debt was contracted subsequent to the passage of the act of 1892, or, if not, that then the Madison Square Bank, prior to its insolvency, issued bank notes or some kind of paper credits to circulate as money. (*In re*. *Bank*, 21 N. Y. 20; Cook on Stock & Stockholders, § 497; 2 Morawetz on Corp. §§ 1078, 1099.)

ANDREWS, Ch. J. Section 52 of "The Banking Law" of 1892, is prefaced by the words, "Individual liability of Stockholders," and then proceeds as follows : "Except as prescribed in the Stock Corporation Law, the stockholders of every such (banking) corporation, shall be individually responsible equally and ratably and not one for another, for all contracts, debts and engagements of such corporation to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares." The next and

final clause of the section defines the term "stockholder" as including every owner of stock, legal or equitable, although not standing in his own name on the books of the corporation, but not a person who holds such stock as collateral security for the payment of a debt. The complaint is based on this statute, and no other ground of liability has been claimed on the argument, nor so far as we know is there any legislation which imposes liability upon stockholders of banks for the debts of the corporation, other than the statute of 1892. The liability imposed by art. 8, sec. 7, of the Constitution is limited to stockholders in banking corporations or associations, "issuing bank notes, or any kind of paper credits to circulate as money." It is well known that state banks, while invested with the power of banks of issue on complying with certain conditions, are by the operation of the provisions of the United States laws relating to national banks, practically prohibited from the exercise of this power, and not only is there no averment in the complaint that the Madison Square Bank was engaged in "issuing bank notes or any kind of paper credits to circulate as money," but there can be no reasonable doubt that it was not so engaged. The constitutional provision has, therefore, no application, and the liability of the stockholders rests exclusively upon the statute of 1892.

The 52d section of the Banking Law does not purport to impose an absolute and unconditional liability upon the stockholders of state banks. The imposition of such a primary liability, without requiring creditors to first exhaust their remedy against the corporation, would be a reversal of the policy of prior legislation prescribing the liability of stockholders of banks or other corporations. The almost uniform practice has been to make the liability of stockholders for the debts of the corporation subsidiary and consequent upon the inability of creditors to secure payment of their debts from the corporation itself. The act of 1849 (Chap. 226), " to enforce the liability of stockholders in banking corporations," prescribed a system by which the liability was enforced through the receiver in case of the insolvency of the bank. There was

some obscurity in the act in respect to the point whether stock-holders could be compelled to respond before the receiver had collected and applied the assets in his hands, and the court in the case *In re Reciprocity Bank* (22 N. Y. 9–14) held that the stockholders could not be called upon to contribute until the whole available assets of the bank had been collected and applied upon the debts of the bank. This was regarded as the just rule in view of the secondary character of the liability of stockhold-ers and a construction was given in conformity with it. The act of 1849 was in substance incorporated into the revision of the Banking Laws in 1882 (Chap. 469), and the same principle pre-vailed thereafter under that act as under the act of 1849, that the assets should be first applied and a deficiency be ascertained before the liability of stockholders could be enforced. The act of 1882 was repealed by sec. 216 of the Banking Law of 1892, and the system which prevailed under the acts of 1849 and 1882 was not re-enacted. It is said that the revisers who reported the Banking Act of 1892 also reported a "receivers' law" covering the subject, but for some reason it was not adopted by the legislature. It will be generally found that where, by legislation in this or other states, stockholders have been subjected to liability for the debts of corporations, after the stock has been fully paid in and certified, this liability is regarded as secondary and not primary, and can only be enforced after the remedy against the corporation has been exhausted. In construing section 52 of the Banking Law of 1892, this principle founded in reason and justice must be remembered, and very clear indication of a legislative inten-tion to disregard it should be found, before reaching a con-clusion that the section operates to impose upon stockholders in banks a primary liability which may be enforced without resorting in the first instance to the corporation, and irrespec-tive of other limitations which have usually been attached as conditions precedent to the liability of stockholders. The words in section 52 of the Banking Law, and with which the section commences, "Except as prescribed in the Stock Cor-poration Law," manifestly incorporate into the section such

provisions of the Stock Corporation Law, having general application, which relate to the liability of stockholders in corporations. It was very justly said by the General Term that banking corporations were included in the general sections of the Stock Corporation Law. Section 52 of the Banking Law expressly refers to the Stock Corporation Law, and the whole scheme of legislation relating to corporations contained in the three acts, " The General Corporation Law," " The Stock Corporation Law " and " The Banking Law," all passed on the same day, show that many of the general provisions in the " Stock Corporation Law " are applicable to banking as well as to other corporations. Sec. 55 of the " Stock Corporation Law," entitled " Limitations of Stockholders' Liability," affixes three conditions to the liability of stockholders to an action : (1) The recovery of a judgment against the corporation for the debt, and the return of an execution thereon unsatisfied in whole or in part; (2) that the debt was payable within two years from the time it was contracted ; (3) that the action against the corporation for the debt is brought within two years after it became due, and if the action is brought against the stockholder after he ceased to be a stockholder, it must be brought within two years after that time. The language of the section is general. It declares that " No action shall be brought against a stockholder for any debt of the corporation until," etc. The section is dealing with stock corporations, in which a banking corporation is included, and the limitations apply to the stockholders in such a corporation. These limitations are consistent with the general purpose of the prior legislation requiring proceedings to be first taken to collect the debt of the primary debtor, although they extend to the stockholders in banks exemption founded upon the period of credit and the time of commencing the action against the corporation, not given by the Laws of 1849 and 1882. Reading section 52 of the Banking Law in the light of section 55 of the Stock Corporation Law, we think the words of section 52, " Except as prescribed in the Stock Corporation Law." are to be construed as though

94   Hirshfeld *v.* Bopp et al.   [Feb.,

Opinion of the Court, per Andrews, Ch. J.  [Vol. 145.

the language was "Subject to the limitations in the Stock Corporation Law, the stockholders of every such corporation shall be individually responsible," etc. It is insisted that the words in section 52 refer to section 54 of the Stock Corporation Law, and not to section 55. This contention is inadmissible. Section 54 is a section imposing, and not limiting liability, and relates to stockholders in other than banking corporations. The liability of stockholders in banking corporations is prescribed in section 52 of the Banking Act. The general policy of legislation in respect to the liability of stockholders in other corporations has been to make them liable to general creditors until the whole amount of capital stock of the corporation has been paid in, and no longer, and to make the liability absolute as regards debts owing by the corporation to laborers, servants and employees. This liability is declared in section 54. If section 54 is held to apply to stockholders in banks, they are to a great extent released from the liability which since 1849 has been imposed upon them. It is not reasonable to suppose that this could have been the intention of the legislature, and such a construction of section 52 is inconsistent with its broad language. We think the liability imposed by section 52 of the Banking Law is limited by section 55 of the Stock Corporation Law.

A creditor seeking to charge a stockholder under the statute, is bound to allege and on the trial to prove all the facts upon which the liability depends. He must aver the performance of conditions precedent, or set forth facts which in law excuse their performance. (*Cuykendall* v. *Corning*, 88 N. Y. 130, 137.) The complaint neither avers that any judgment has been recovered against the corporation for the debts owing to the plaintiff, nor that any action has been brought thereupon against it, and there is no averment as to the time when the debts owing by the bank were contracted, nor that they were payable within two years from that time.

In respect to the objection that the complaint does not show that the precedent condition that judgment should first be obtained against the corporation for the debt and execution

issued and returned unsatisfied, it is claimed in behalf of the plaintiff that its performance was excused by the judgment in the People's action, dissolving the corporation and restraining creditors from suing. On the other side it is insisted that the liability of stockholders being purely statutory, performance is a necessary condition, without which no action can be maintained, and that no disability to sue the corporation, whether arising from the act of the law, or from any other cause, can excuse its performance. The question was argued in this court in the case of *Shellington* v. *Howland* (53 N. Y. 375), which was an action against a stockholder in a manufacturing corporation organized under the general act of 1848, brought by a creditor to enforce the liability imposed by that act. The statute in question in that case required that a suit should be first brought against the corporation to recover the debt, and execution returned unsatisfied. (*Handy* v. *Draper*, 89 N. Y. 335.) In *Shellington* v. *Howland* the plaintiff relied upon the fact that by force of the Bankrupt Law of the United States the prosecution of an action against the corporation was prevented and the performance of the condition became legally impossible. The plaintiff prevailed in this contention, and although it appeared that the defendant had by his own act procured the adjudication in bankruptcy, Judge ALLEN was of opinion that, irrespective of this fact, performance of the condition was excused whenever by the intervention of the law its performance became impossible. The same learned judge re-asserted this view in *Kincaid* v. *Dwinelle* (59 N. Y. 548), although not essential to the decision rendered. In *Hardman* v. *Sage* (124 N. Y. 25–32) the question was considered, and FOLLETT, Ch. J., expressed an opinion in accordance with the view of Judge ALLEN, but the case was decided against the plaintiff on another ground. But in the case of *Hunting* v. *Blun*, recently decided in this court (143 N. Y. 511), the question was necessarily involved and expressly decided, and it was held that a judgment sequestrating the property of a corporation and appointing a receiver, accompanied by an injunction restraining creditors from suing

the corporation, excused a creditor in a suit brought against a stockholder, from the performance of the precedent condition that suit should first be brought against the corporation and an execution returned unsatisfied. The decision in *Hunting* v. *Blun* puts at rest the question. If it was necessary to find reasons supporting this decision, they are obvious. The liability imposed upon stockholders, although varying in extent under various statutes (the liability in case of some corporations being more stringent than in others), is imposed for the benefit of creditors. This security would be of little practical value under the opposite doctrine. The insolvency of a corporation and the appointment of a receiver, accompanied by a restraint upon creditors, are facts which in most cases become known to creditors only when the final act is consummated and a receiver has been appointed. The situation which makes a resort to the liability of the stockholders essential to the creditor, would become known to him in most cases when it is too late to enforce it, if it should be held that a disability imposed by law does not excuse the bringing of a suit against the corporation. Morever, in many cases the debt may not be due, so that an action could not be brought by the creditor against the corporation prior to the insolvency and the falling of the bar which makes the bringing of an action legally impossible. The object of the provision requiring the creditor to exhaust his remedy in the first instance by judgment and execution against the corporation, is to protect the stockholder against being called upon until an effort to collect of the principal debtor is shown by legal proceedings to be unavailing. But when insolvency has been judicially declared and the whole assets of the corporation are in the custody of the law for equal distribution among creditors, an action in equity brought in behalf of all the creditors against the stockholders to enforce their liability, in which the receiver is joined as defendant, would seem to be a just and reasonable method of ascertaining and having finally determined their respective liabilities. The whole matter is before the court and it can mould its decree according to the equity of the case. We are

of opinion, therefore, that under proper allegations in the complaint setting forth the grounds of excuse, the fact that no suit had been brought against the corporation would not be an insuperable difficulty in the way of the plaintiff.

The complaint alleges nothing in terms as an excuse for the non-performance of this condition. It does not state whether a suit had been brought or judgment recovered. The fact that the debt had become due before the People's action was commenced, and that suit might have been brought upon it before that time, would not we conceive prevent the plaintiff from interposing the insolvency proceedings and judgment dissolving the corporation as an excuse for non-performance of the condition, provided the right to sue continued and existed when the decree of dissolution was entered. The complaint does allege the rendition and terms of the decree in the People's suit, but the situation of the plaintiff's claims before or at the time of the decree is left to vague inference. The complaint should have stated when the plaintiff's debt was contracted, whether it was presently due, or, if credit was given, the time of the credit, and why the bringing of a suit against the corporation was prevented. In short it should have stated facts showing that the debt was payable within two years from the time it was contracted; that suit thereon against the corporation was brought within two years after it became due, and that judgment had been recovered therein and execution thereon returned unsatisfied, or in the alternative the facts which excused the bringing of such suit and the recovery of a judgment. The demurrer was, we think, well taken for the omission to aver in the complaint these essential facts.

The additional claim is made that it should have been shown by the complaint that the defendants became stockholders in the corporation subsequent to the passage of the act of 1892, on the ground that if they became stockholders prior to that time, the act imposing liabilities would, as to them, be unconstitutional. (See *Comm.* v. *Cochituate Bank,* 3 Allen, 42; *Wheeler* v. *Frontier Bank,* 23 Me. 308; *In re Bank,* 21 N.

Y. 20–22; 2 Morawetz on Cor. §§ 1078, 1099.) It is a suffi-
cient answer that the statute of 1892, while it changed in
some respects the method of enforcing the liability of stock-
holders in banks, did not change its essential character from
what it was under the statutes of 1849 and 1882. The
statute of 1882 remained in force until 1892, and was repealed
by the same act which embodied the liability contained in sec-
tion 52 of the Banking Law. Under both acts stockholders
are liable to the same extent, and a change in the methods of
enforcing it is not the imposition of a new liability.

Upon the grounds stated the judgment of the courts below
should be affirmed, with leave to the plaintiff to amend on
payment of costs in all courts.

All concur.

Judgment affirmed.