(25 Misc. Rep. 551.)

### HOWARTH v. ANGLE (two cases).

### SAME v. WILLIAMS et al.

(Supreme Court, Trial Term, Monroe County. December, 1898.)

1. FOREIGN RECEIVERS—RIGHT TO SUE—STOCK ASSESSMENTS.
   Where all the proceedings have been taken in a foreign state to adjudge a corporation insolvent, to appoint a receiver, to ascertain the deficiency in the assets, to levy assessments against the stockholders, and to authorize the receiver to maintain an action against stockholders to recover such assessments, such receiver may sue New York stockholders in New York for their unpaid assessments, and recover the liability according to the laws of the foreign state, where no New York citizens are creditors claiming part of the fund, and where the remedy in New York is the same as that given by the courts of the foreign state.

2. SAME—LIMITATION OF ACTIONS.
   Limitations do not begin to run against an action by a receiver of a corporation to collect assessments on the stock until the marshaling of the assets and the ascertainment of the deficiency.

Separate actions by Leonard Howarth, as receiver of the Traders' Bank of Tacoma, against Charles E. Angle and others, to recover the assessments ordered against stockholders in an action brought against the bank in the superior court of Washington, in which the bank was adjudged to be insolvent, plaintiff was appointed receiver, the deficiency ascertained, and plaintiff directed to collect the assessment by actions in foreign jurisdictions where personal service of process on defendants could be had. Judgment for plaintiff.

Porter M. French, for plaintiff.
Horace McGuire, for defendants.

NASH, J.   The defendants' counsel, in their brief, say:

"The statutes of foreign states have no force or effect in this state ex proprio vigore, and hence the statutory title or foreign assignment in bank-

ruptcy can have no recognition here solely by virtue of the foreign statute. By the comity of nations, however, such title is recognized and enforced, when it can be done, without injustice to the citizens of this state. But such rights must be ascertained and litigated here in the form and in conformity to similar statutes in this state." That the liability of the defendants here is fixed and limited by the provisions of our stock corporation law, as in Hirshfeld v. Bopp, 145 N. Y. 84, 39 N. E. 817. That, as provided by our statutes, there must be the recovery of a judgment against the corporation, and the return of an execution thereon unsatisfied. That the debt was payable within two years from the time ·it was contracted. That the action against the corporation was brought within two years after the debt became due, and, if the action is brought against a stockholder after he ceased to be such, that it be brought within two years from that time. That these same conditions attach and must be complied with by the creditors of foreign corporations pursuing their remedy in this state against stockholders of corporations formed ·elsewhere.

This view of the case is, I think, entirely erroneous. The liability here sought to be enforced is that which is created by the laws of the state of Washington, where the corporation was formed, and where the defendants became stockholders, and liable as such. Whether a remedy here will be afforded to the creditors is for our courts to determine. The laws of the state of Washington provide that the stockholders of every bank incorporated under the laws of that state shall be individually responsible, equally and ratably, and not one for the other, for all contracts and debts of the bank accruing while they remained stockholders, to the extent of the amount of their stock at its par value, in addition to the amount invested in such shares. The courts of the state of Washington say there is nothing in their laws that determines the method by which this liability shall be made available to the creditors, and hence the method must be determined by the courts. This the courts there have proceeded to do. As appears from the proofs, the law of the state is stated in the case of Wilson v. Book, 13 Wash. 676, 43 Pac. 939, in which the supreme court of that state holds that the additional liability of stockholders of a banking corporation imposed by the constitution is a secondary and not a primary liability; that it is a fund for the benefit of all the creditors of the corporation, and can only be reached by a proceeding in equity for the benefit of such creditors; that as the receiver of an insolvent corporation under their statute represents its creditors as well as the corporation itself, and can reach all the assets of the corporation for the purpose of satisfying claims of creditors, there is no reason why the additional liability of stockholders should not, under the direction of the court, be enforced by such receiver for the benefit of the creditors.

It appears from the evidence here that the Traders' Bank of Tacoma, of which the defendants are stockholders, has been by the court there adjudged insolvent in an action brought in the superior court of Washington for that purpose; that the plaintiff has been appointed receiver, and an order has been there made adjudging and determining all the affairs of the receivership and the liability of the stockholders, and an assessment upon the stockholders of the deficiency necessary to meet the liabilities directed to be made, which assessment has been levied, and the receiver has been by the order of the court directed to proceed by suit against the stockholders who refuse to

pay their assessments. The proofs here show that the assets are insufficient to meet the liabilities of the bank to its creditors, and the amount of the deficiency. All of the proceedings have been taken against the defendants, which, if they were residents of Washington, would entitle the plaintiff to maintain an action there against them, if they were resident stockholders, to recover the assessment upon their stock which has been levied. It is this title and the right to maintain an action for the benefit of all the creditors of the insolvent corporation which the receiver seeks to enforce here. In Re Waite, 99 N. Y. 433, 2 N. E. 440, the title of a receiver appointed in an English court of bankruptcy was here recognized, and his rights as such to the trust property enforced to the same extent as declared in the English bankruptcy act, and as determined by the English bankruptcy court. Under the rule held in that case, our courts will recognize the title of the receiver to the fund here sought to be recovered for the benefit of creditors in accordance with the laws of Washington, if it can be done without injustice to citizens of our state. There are no citizens of this state claiming the fund sought to be reached in these actions, and it is not suggested that there can be any injustice to the defendants in permitting the receiver to recover the fund for the purpose of distribution among the creditors of the insolvent corporation. In the case of Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419, a right of action against a resident of this state was denied to a creditor of a bank organized under the laws of the state of Kansas, there declared insolvent, and against which proceedings had been taken, and a receiver appointed to wind up its affairs. The action was brought against the defendant, a stockholder of the bank, to charge him with an indebtedness of the bank after judgment against it in Kansas, and the return of an execution there unsatisfied; and it was sought to be maintained under and by virtue of the constitution and statutes of Kansas, the provisions of which are set out in the opinion of the court. It was held that the statutes of Kansas created a liability on the part of stockholders for the debts of insolvent corporations upon certain conditions and under certain circumstances, and also provided a special and peculiar remedy, which must be followed, and the proceedings for its enforcement had within that state; that if the right of action such as the statutes of Kansas provided could be enforced anywhere except in the local jurisdiction, where the corporation is domiciled, and in which the statutory enactments exist, an action to enforce such liability, if maintainable under any circumstances in the state of New York, must be in such form and by such mode of procedure as stockholders' liabilities created under our own statutes are enforced against our own citizens; that the stockholders' liability created by the Kansas statute cannot, in any event, be enforced by an action at law by a single creditor against a single stockholder for the recovery of a specific sum of money in the state of New York, in which state a stockholder's statutory liability can be enforced only by a suit in equity brought by or in behalf of all the creditors against the stockholders, wherein the amount of the liability can be ascertained and adjusted. Here the liability of each of the defendants has been ascertained and adjusted, and the action is by

the receiver, representing all the creditors, and the only party, under the laws of the state of Washington, who can maintain an action against the defendants upon their statutory liability as stockholders of the insolvent corporation. The remedy afforded by our courts is not only the same as that given by the courts of the state of Washington, but it is the same now given by our statute to creditors of insolvent banking corporations. By the amendment of 1897 it is provided that, where a banking corporation shall be dissolved, and a permanent receiver appointed, all actions or proceedings to enforce the liability of stockholders shall be taken and prosecuted only in the name and in behalf of the receiver. Laws 1897, c. 441.

The statute of limitations did not begin to run until the receiver had the right to sue, and that was not until the marshaling of the assets and the ascertainment of the deficiency. Interest should be allowed as claimed in the complaint. Ordered accordingly.