RICHARDS v. GILL.

(Supreme Court, Appellate Division, Second Department. April 22, 1910.)

1. WILLS (§ 847*)—LIABILITY OF DEVISEE—LIMITATION.

The right of action against a devisee under Code Civ. Proc. §§ 1837–1860, to enforce the liability of the testator as a stockholder of an insolvent bank, does not accrue until testator's death and judgment determining the amount of testator's liability has been rendered, and therefore limitation does not begin to run against the devisee until that time.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2160; Dec. Dig. § 847.*]

2. BANKS AND BANKING (§ 47*)—LIABILITY OF STOCKHOLDERS—INSOLVENCY OF BANK.

The liability of a stockholder of an insolvent bank for the debts of the bank does not exceed the amount of his stock, and is for a ratable share of the deficiency, and liability only arises when this sum has been ascertained and liquidated.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 62, 64–68; Dec. Dig. § 47.*]

3. CORPORATIONS (§ 259*)—WILLS (§ 847*)—INSOLVENCY—LIABILITY OF STOCKHOLDER—REMEDIES.

A creditor's action to enforce a liability of stockholders of an insolvent corporation is in equity, and the fact that plaintiff is seeking to enforce such liability against the devisee of a deceased stockholder does not change the equitable nature of the action, or the length of time within which such action should be brought; nor will the fact that defendant had conveyed the devised property, and thereby made the creditor's remedy a personal one against the devisee for the value of the property, change the nature of the action.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 259;* Wills, Dec. Dig. § 847.*]

4. WILLS (§ 847*)—LIABILITY OF DEVISEE.

In an action against a devisee to enforce liability of the testator as a stockholder of an insolvent bank, the necessity of first establishing the indebtedness of defendant's testator as a stockholder before bringing an action against the devisee arises from the rule that a judgment against a person in one capacity does not bind him in another; the action having been taken against the testator, and continued after his death against the executor, who was also the devisee.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 847.*]

5. JUDGMENT (§ 670*)—RES JUDICATA—JUDGMENT IN DIFFERENT CAPACITY.

A judgment establishing the liability of a testator as stockholder of an insolvent bank, rendered against his executrix, does not bind her individually as a devisee; but original proof of all the facts established in the action against her as executrix, and upon which the judgment was based, is required in the action against her as devisee.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1185; Dec. Dig. § 670.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

6. LIMITATION OF ACTIONS '(§ 39*)—ACTION AGAINST DEVISEE—LIMITATIONS APPLICABLE.

Code Civ. Proc. § 388, providing that "an action, the limitation of which is not specially prescribed in this or the last title, must be commenced within ten years after the cause of action accrues," applies to an action against a devisee to enforce his liability as stockholder of an insolvent bank, and the period of limitation is not the same as that for the enforcement of the stockholder's liability.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 39.*]

7. WILLS (§ 847*)—LIABILITY OF DEVISEE—INDEBTEDNESS OF TESTATOR.

Under Decedent Estate Law (Consol. Laws, c. 13) § 101, making a devisee liable, to the extent of the property devised, for an indebtedness of the testator arising out of "simple contract or by specialty," the devisee is liable for the amount of a judgment obtained against testator's executrix in an action to enforce testator's liability as stockholder of an insolvent bank, as testator's liability was a contractual one.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2159–2164; Dec. Dig. § 847.*]

Appeal from Trial Term, Kings County.

Action by Joseph M. Richards against Hannah Gill. From a judgment dismissing the action, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

William E. Warland, for appellant.

Edward T. Horwill (Russell M. Vernon, on the brief), for respondent.

RICH, J. The complaint was dismissed upon the ground that the alleged cause of action was barred by the statute of limitations. The correctness of this conclusion, and the further question as to whether the case presented is within the provisions of section 101 of the decedent estate law (formerly section 1843 of the Code of Civil Procedure), constitute the only questions requiring our consideration. The facts are not disputed.

The defendant's testator was a stockholder, to the extent of $15,000, of the Harlem River Bank, which became insolvent on May 2, 1894. On October 22, 1895, an action was brought by several creditors (including the plaintiff in this action) against the stockholders of said bank to enforce their statutory liability under the banking law (now Consol. Laws, c. 2), which was vigorously defended by defendant's testator up to the time of his death on August 16, 1897. He left a last will and testament, in and by which he made the defendant his sole devisee, legatee, and executrix. The will was admitted to probate, the defendant qualified, and in her representative capacity was substituted as a defendant in the pending action, in place of her deceased husband, and continued the defense he had interposed. On December 15, 1902, judgment was rendered in the action against the defendant, as executrix, for $15,000. Execution was issued upon said judgment and returned wholly unsatisfied, and on July 21, 1907, this action was commenced. The defendant, in her answer, among other defenses pleads the statute of limitations.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

I think that the learned trial court was in error in his conclusion that the cause of action arose at the time the bank became insolvent in 1894, and in disposing of the action under the limitation regulating the rights of the plaintiff against the decedent. No cause of action arose under the provisions of the banking law against the defendant in this action. She was never a stockholder of the bank. Her testator was, and an action against him to enforce his liability as such stockholder was commenced within the three-year limitation provided by section 394 of the Code of Civil Procedure. The mere fact that he was a stockholder did not create a fixed and definite statutory liability, enforceable against either himself or his devisee. It was not until all of the facts upon which the liability of defendant's testator depends had been alleged and proven. Hirshfeld v. Bopp, 145 N. Y. 84, 39 N. E. 817; Hirshfeld v. Fitzgerald, 157 N. Y. 166, 51 N. E. 997, 46 L. R. A. 839. In other words, it was not until his contention as to those matters in the pending action had been overcome and determined by a final judgment adjudicating and determining the amount of the ratable share of the deficiency, for which he was liable, that a cause of action for such adjudicated amount arose and was enforceable against his devisee. Matter of Gall, 182 N. Y. 270, 74 N. E. 875. Such liability was for an equal proportion, not exceeding the amount of his stock, and only arose when this sum had been ascertained and liquidated. Mahoney v. Bernhard, 45 App. Div. 499, 502, 63 N. Y. Supp. 642, affirmed without opinion 169 N. Y. 589, 62 N. E. 1097.

Again, this action is brought under the provisions of the decedent estate law, and the plaintiff's cause of action must be sustained, if it is to be sustained, under its provisions. The fact that the decedent was a stockholder of the bank, and by operation of the statute contingently liable in some amount to its stockholders, created no cause of action against the defendant in favor of any one. Such cause of action as against the defendant arose when, by reason of his death and the devise of real property to the defendant, the provision of the decedent estate law became operative to the extent of the ratable proportion of the bank deficiency for which the statute made her testator liable, not exceeding the value of the property devised to her. Clearly such a cause of action could not arise in any event until the death of her testator, leaving a valid will; for until that time she was not his devisee, and no property or rights therein could pass to her. It is evident, therefore, that no statute of limitations could possibly commence to run, against the plaintiff's statutory cause of action, against this defendant as the devisee of her testator, under the provisions of the decedent estate law, until his death. At that time the extent of his liability was the subject of litigation. It was not until the question of his liability had been adjudicated and determined that the plaintiff's cause of action against the defendant was enforceable, and until it was legally enforceable the statute of limitations did not commence to run.

A creditor's action to enforce the liability of stockholders is one in equity, as has been repeatedly held, and the fact that the plaintiff is here seeking to enforce such liability against the devisee of a deceased stockholder does not change the equitable nature of the action or the

ten-year limitation applicable thereto. Mortimer v. Chambers, 63 Hun, 335, 17 N. Y. Supp. 874; Adams v. Fassett, 73 Hun, 430, 26 N. Y. Supp. 447; De Crano v. Moore, 50 App. Div. 361, 63 N. Y. Supp. 585, 64 N. Y. Supp. 3; Avery v. Avery, 119 App. Div. 698, 104 N. Y. Supp. 290. The contention that the six-year statute of limitations is applicable in this action is not sustained by the authorities cited. In none of them had an action been commenced against the testator in his lifetime. The actions were based upon original promissory notes and other obligations of the testator, and it was held that the six-year statute ran against such obligations and causes of action based thereon. They can only be regarded as authority for the proposition that, where no action is brought to enforce the obligation of a debtor in his lifetime, an action against his devisee to enforce such obligation may be successfully defended by the interposition of the statute of which the debtor if living might have availed himself.

The fact that the defendant had sold and conveyed the devised property, and by so doing transferred the creditor's remedy to a personal one against the devisee for its value, does not change the nature of the action, which yet remains one equitable in its nature. The necessity of establishing the indebtedness of defendant's testator as a stockholder of the bank arose in the case at bar because of the rule of law that a judgment against a person in one capacity does not bind him in another. Collins v. Hydorn, 135 N. Y. 320, 32 N. E. 69; First National Bank v. Shuler, 153 N. Y. 163, 47 N. E. 262, 60 Am. St. Rep. 601. The judgment establishing the liability of her testator, having been rendered against the defendant as his executrix, did not bind her individually. Original proof of all the facts established in the action against her as executrix, and upon which the judgment therein was based, was required.

This necessity did not, however, have the effect of making the same statute of limitations applicable to the second action that applied to the first. Had the testator lived, and the judgment in the action pending at the time of his death been entered against him, no such necessity would have existed. If it were true, as contended, that the statute of limitations as against the defendant devisee commenced to run while the existence of a debt against her testator was being legally established by litigation, it would be a simple matter for an executor to wholly defeat the remedy provided by the decedent estate law. All it would be necessary to do to accomplish such result would be to invite and prolong the original litigation of his testator until the statute of limitations had become a bar, and when sued as devisee to plead such statute, which he had neither occasion nor authority to invoke until the contested claim had been legally established, as a defense. Matter of Gall, supra. Such a result would be unwarranted and inequitable, and cannot be accomplished under the laws of this state.

The argument that for three years after the issuance of letters testamentary the creditors might have proceeded in Surrogate's Court to sell the real property of the testator for the payment of his debts adds no weight to the respondent's main contention. It appears from the record that, during five years following the death of the testator and issuance of letters to the defendant, the action brought to establish

the liability of the decedent as a stockholder was being strenuously resisted by the defendant as executrix, and it was not until the judgment was rendered therein on December 15, 1902, that the creditors were in a position to avail themselves of the provisions of the Code of Civil Procedure under which this action was instituted, or even to file a claim against the estate; for until then they could not tell what amount, if any, would be found due from the testator, and during that time the defendant had divested herself of the title to the greater portion, if not all, of the devised realty.

I think that the statute of limitations applicable to the case at bar is ten years. Section 388 of the Code of Civil Procedure. The defendant's testator died August 16, 1897. Final judgment against the defendant as his executrix was entered on December 15, 1902. This action was commenced on July 21, 1907. At that time the statute of limitations, whether it commenced to run at the death of the testator or at the time of the entry of such judgment, had not barred the plaintiff's cause of action, and constituted no defense thereto.

The contention that the statutory liability of the testator as a stockholder of the Harlem River Bank cannot in any event be enforced against his devisee (the defendant) does not impress us as a maintainable proposition of law. It is founded upon the assumption that such liability does not arise by "simple contract or by specialty," which constitute the only class of debts recoverable under the provisions of section 101 of the decedent estate law. In Matter of Oliver Lee & Co.'s Bank, 21 N. Y. 9, it was held that the effect of the acceptance of a charter, or incorporation under a general statute, and the issuance of stock, created a contract between the stockholders and the state, and in Barnes v. Arnold, 45 App. Div. 314, 61 N. Y. Supp. 85, affirmed 169 N. Y. 611, 62 N. E. 1093, that when the stockholders of a bank accept the privileges and franchise extended to them under the general laws of the state, they enter into a contract with the state. See, also, Bailey v. Hollister, 26 N. Y. 112; Union Hotel Co. v. Hersee, 79 N. Y. 454, 35 Am. Rep. 536.

In De Crano v. Moore, supra, it was held that the debt of a testator arising out of trust relations was properly enforceable from the property devised, that the fact that there was a fiduciary relation between the parties did not alter the nature of the obligation, and that the term "simple contract" and "specialty," used in the statute, comprised every kind of contractual obligation. When a person becomes a stockholder of a bank, his relations with the bank are contractual. He assumes the liability and obligations placed upon stockholders by the banking law, and impliedly contracts—whether with the state, bank, or its creditors is immaterial—that he will pay to its creditors his equal and ratable proportion of the debts of the bank if it becomes insolvent, and when his liability as such stockholder is adjudicated and determined the judgment represents a debt arising on "simple contract" within the meaning of those words as used in the statute, for the payment of which his heirs and devisees are liable to the extent of property descending to or devised to them.

The judgment must be reversed, and a new trial granted; costs to abide the final award of costs. All concur.