(86 Misc. Rep. 259)

### SMITH v. QUALE (two cases).

### SAME v. MOORE.

(Supreme Court, Equity Term, Chautauqua County.   June 20, 1914.)

1. BANKS AND BANKING (§ 49*)—INSOLVENCY DISSOLUTION—STOCKHOLDERS' LIABILITY.

   The receiver of an insolvent state bank cannot maintain an action against its stockholders to collect an assessment for the discharge of its debts merely ȯn proof that he had taken possession of the assets of the bank, that it was necessary to make an assessment, and that there were no other assets, except as he might recover from the stockholders on their statutory liability, but was required to make out at least a prima facie case of valid and subsisting indebtedness against the bank and that in order to pay it a stock assessment was necessary; his conclusion as to the necessity for an assessment being insufficient.

   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 71–81½, 513, 534, 535; Dec. Dig. § 49.*]

2. BANKS AND BANKING (§ 77*)—STATUTORY LIABILITY—TERMINATION.

   A decree dissolving a state bank and appointing a permanent receiver of its assets terminated the relation of stockholders to the bank.

   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 165–176½; Dec. Dig. § 77.*]

3. BANKS AND BANKING (§ 49*)—DISSOLUTION AND INSOLVENCY—ACTION TO ENFORCE STOCKHOLDERS' LIABILITY—LIMITATIONS.

   Stock Corporation Law (Consol. Laws, c. 59) § 59, providing that no action shall be brought against a stockholder for any debt of a corporation unless brought within two years from the time he shall have ceased to be a stockholder, applies to banking corporations as well as to general business corporations, and hence an action by the receiver of an insolvent state bank, appointed in July, 1905, to enforce an assessment against stockholders to meet its indebtedness, not brought until January, 1914, was barred.

   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 71–81½, 513, 534, 535; Dec. Dig. § 49.*]

4. BANKS AND BANKING (§ 44*)—STOCKHOLDER'S LIABILITY—LIMITATION OF ACTIONS.

   Const. art. 8, § 7, declaring that the stockholders of every banking corporation shall be individually responsible to the amount of their respective shares for all its debts, was not violated by Stock Corporation Law (Consol. Laws, 1909, c. 59) § 59, providing that no action shall be brought against a stockholder for any debt of the corporation after two years from the time he ceases to be a stockholder, since the statute relates to the remedy alone, as distinguished from the obligation; the only restriction being that a reasonable time be given in which to bring the action.

   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 63; Dec. Dig. § 44.*]

5. BANKS AND BANKING (§ 49*)—ENFORCEMENT OF STOCKHOLDERS' LIABILITY —LIMITATIONS.

   Code Civ. Proc. § 394, which provides that an action against a stockholder of a banking association to enforce a liability created by common law or statute shall be brought within three years after the cause of action accrues, applies to an action by the receiver of an insolvent state bank to collect an assessment against stockholders to pay its debts.

   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 71–81½, 513, 534, 535; Dec. Dig. § 49.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Actions by Frank L. Smith, as receiver of the State Bank of Forestville, against Ralph J. Quale, against Corinne Quale and against Arthur R. Moore. Complaint in each action dismissed.

Walter Record, of Forestville, for plaintiff.
White & Babcock, of Buffalo, for defendants Quale.
Louis L. Thrasher, of Jamestown, for defendant Moore.

WHEELER, J.   These actions are brought to enforce the constitutional and statutory liability of the defendants as stockholders in the State Bank of Forestville, for debts of the corporation.

The bank was adjudged insolvent, and its corporate existence dissolved by a decree of this court dated the 27th day of July, 1905. By the same decree, this plaintiff was appointed permanent receiver of all its property and assets. He proceeded to collect and convert into money its assets and property, and the complaint alleges has declared and paid to creditors dividends on their claims amounting to 90 per cent. thereof, and that, after the application of all the properties and assets of said bank toward the payment of said claims and the expenses of the administration of the affairs of the said bank, there remains unpaid on the indebtedness of said bank 10 per cent. thereof; that, by reason of said premises, it has been found necessary, after the application of all the assets, to make an assessment of 60 per cent. upon the capital stock of said bank to raise such sum as will pay the creditors thereof the balance remaining upon their claims. Therefore the complaint demands judgment against each of said defendants for 60 per cent. of the amount of the stock held by them as stockholders of record at the date of the dissolution of the bank and the appointment of the plaintiff as receiver.

By their answers, the defendants admit that they were, at the time of the dissolution of the bank, stockholders in the amounts alleged; but, by proper allegations, put the plaintiff to his proof as to the other matters necessary to make out his cause of action.

By way of affirmative defense, the defendants set up the statute of limitations against the maintenance of these actions. It is contended that, by virtue of section 59 (formerly section 58) of the Stock Corporation Law, the action should have been brought within two years from the time of the dissolution of the corporation, upon the theory that at that date the defendants ceased to be stockholders in the bank.

The defendants also set up the three-year statute of limitations, and contend that by virtue of the provisions of section 394 of the Code of Civil Procedure this action cannot be maintained. The defendants further contend the plaintiff cannot recover because it has failed to establish by evidence the facts necessary to entitle him to a recovery.

[1] The only evidence given on the trial as to the condition of the affairs of the bank consisted of the testimony of the plaintiff, who stated he had taken possession of the assets of the bank; that it was necessary to make an assessment; and that there were no other assets except such as he might recover, from the stockholders on their statutory liability, with which to pay the indebtedness of the bank.

We are of the opinion that the plaintiff was required to make out

at least a prima facie case that there were valid and subsisting indebtednesses against the bank remaining unpaid, and that in order to pay the same a stock subscription was necessary. Otherwise, all the court has to guide it is the mere conclusion of the plaintiff, based on alleged facts not established by evidence. There is a failure of proof upon which the court could figure the necessity of an assessment on stockholders, or figure the amount required to be raised.

The case of Cheney v. Scharmann, 145 App. Div. 456, 129 N. Y. Supp. 993, and the authorities there cited, fully sustain this view. It was said in that case:

"To accept his personal decision that 'it was necessary to enforce the individual liability of the stockholders' is to substitute the superintendent's conclusion for facts—his opinion for evidence—his arbitrary ex parte decision for the investigation and judgment of established courts of justice. This cannot be done."

We therefore think the plaintiff has failed to establish the cause of action alleged in the complaint.

[2, 3] In addition, we think the defense that these actions to charge the defendant with liability for the debts of the corporation should have been brought within two years from the time they ceased to be stockholders is well taken.

The corporate existence of the bank was terminated by the decree of dissolution and the appointment of a permanent receiver on the 29th day of July, 1905. These actions were begun by the receiver in January, 1914, between eight and nine years after the dissolution of the corporation. Section 59 of the Stock Corporation Law provides that:

"No action shall be brought against a stockholder for any debt of the corporation * * * unless brought within two years from the time he shall have ceased to be a stockholder."

The provisions of this section apply to all stock corporations—to banking corporations, as well as to general business corporations. Hirshfeld v. Bopp, 145 N. Y. 91, 39 N. E. 817; Hirshfeld v. Fitzgerald, 157 N. Y. 166, 51 N. E. 997, 46 L. R. A. 839.

When the Forestville Bank was dissolved, and a receiver of its assets appointed, the decree operated to terminate the relation of stockholders to the corporation, and they ceased to be such from the making of the decree of dissolution. Hollingshead v. Woodward, 107 N. Y. 96, 13 N. E. 621; Noble v. Euler, 20 App. Div. 556, 47 N. Y. Supp. 302.

It was accordingly held, in Hollingshead v. Woodward, that whenever a stockholder is divested of his interest in or control over the affairs of the corporation by actual dissolution thereof by formal judgment, the time in which to bring suit to enforce the stockholders' liability under the provisions of section 24, c. 40, Laws of 1848 (commonly known as the General Manufacturing Act), began to run, and that after the expiration of two years the stockholder was no longer liable for any debt of the corporation.

Section 24 of the General Manufacturing Act is in substantially the same words as section 59 of the General Stock Corporation Law, and the decision of the Court of Appeals in Hollingshead v. Woodward

applies with equal force to the situation presented in these actions, where stockholders of a defunct bank are concerned.

[4] It should be noted in this connection that by article 8, § 7, of the present state Constitution, it is provided:

"The stockholders of every corporation and joint-stock association for banking purposes, shall be individually responsible to the amount of their respective share or shares of stock in any such corporation * * * for all its debts and liabilities of every kind."

The Constitution does not confine the liability to any particular class of indebtedness. It may be that, by virtue of this constitutional provision, the Legislature had no power to limit the liability of stockholders in banking institutions to those payable within two years, as provided by section 59 of the Stock Corporation Law, and that since the adoption of the Constitution of 1895 the limitation on the liability of stockholders, in so far as it is applicable to bank stockholders, is inoperative and void.

It is proper to note, in this connection, that the cases of Hirshfeld v. Bopp, 145 N. Y. 91, 39 N. E. 817, and Hirshfeld v. Fitzgerald, 157 N. Y. 166, 51 N. E. 997, 46 L. R. A. 839, were cases arising prior to the adoption of the Constitution of 1895.

Nevertheless, we are of the opinion that the additional provision contained in section 59 of the Stock Corporation Law, providing that an action to enforce liability of one who has ceased to be a stockholder must be brought within two years from the time he ceased to be a stockholder, relates to the remedy alone, and cannot be deemed in any particular in contravention of the constitutional provision quoted.

Such legislation bearing "only upon the time in which to bring actions has been held to affect only the remedy upon a contract, as distinguished from its obligation." Parmenter v. State, 135 N. Y. 154, 166, 167, 31 N. E. 1035. And the lawfulness of acts of this description have been uniformly held valid. Story v. Furman, 25 N. Y. 214, 223; Bronson v. Kinzie, 42 U. S. (1 How.) 316, 11 L. Ed. 143; Terry v. Anderson, 95 U. S. 628, 632, 24 L. Ed. 365; Reid v. Supervisors, 128 N. Y. 364, 373, 28 N. E. 367; People v. Turner, 117 N. Y. 240, 22 N. E. 1022, 15 Am. St. Rep. 498.

The only limitation on such enactments is that reasonable time shall be given in which a party may begin his action.

In the case of Gause v. Boldt, 49 Misc. Rep. 340, 346, 99 N. Y. Supp. 442, 445, Leventritt, J., discusses the effect of the new provision of the Constitution of 1895 in connection with section 59 of the State Corporation Law, and sections 71 and 162 of the Banking Law (Consol. Laws, c. 2). The learned Justice held that the provision of section 59 (formerly section 58), requiring that judgment should first be secured against the bank and execution returned unsatisfied, is no invasion of the constitutional liability involved. The justice says:

"There may be some doubt as to the constitutionality of that part of the section which seeks to limit stockholders' liability to the debts of the corporation payable 'within two years,' etc. That provision is not applicable, however, to the facts of this case, and, if void, may be eliminated without affecting the valid provisions of the section. * * * The section * * * is composed of separable parts and, after eliminating the provision which

may be void, a tangible, constitutional part remains, capable by its terms of being carried into effect consistent with the intent of the Legislature which enacted the statute."

This view of Justice Leventritt was adopted by the Appellate Division. 115 App. Div. 897, 100 N. Y. Supp. 1117.

We therefore conclude that the plaintiff's causes of action in these cases are barred for failure to bring action against the defendants within two years from the time they ceased to be stockholders.

[5] It is contended further by the defendants in these actions that this action cannot be maintained because not brought within three years, as provided by section 394 of the Code of Civil Procedure. This section reads:

"Sec. 394. Action against directors and stockholders of moneyed corporations. This chapter does not affect an action against a director or stockholder of a moneyed corporation, or banking association, to recover a penalty or forfeiture imposed, or to enforce a liability created by the common law or by statute; but such an action must be brought within three years after the cause of action has accrued."

In every probability this Code section would defeat a recovery in these actions. It certainly applies to actions like this. Richards v. Gill, 138 App. Div. 77, 122 N. Y. Supp. 620; Platt, as Receiver, v. Wilmot, 193 U. S. 602, 24 Sup. Ct. 542, 48 L. Ed. 809.

The record in this case, however, fails to show when the cause of action in fact arose. There is nothing to show when the claims of the creditors of the bank became due and payable, and nothing to show when any assessments or demands on the defendants as stockholders were made. As we have held the two-year statute constitutes a bar, we do not feel called upon to pass further on the effect of the three-year statute as presented by the record in this case.

The complaint should be dismissed in each of the above-entitled actions, with costs.