[Sac. No. 629.   Department One.—September 30, 1899.]

In the Matter of the Estate of JOHN W. MITCHELL, Deceased.   GRACE MATHEWSON et al., Respondents, v. HENRY F. GEER et al., Appellants.

ESTATE OF DECEASED PERSONS — PARTIAL DISTRIBUTION—REVERSAL OF ORDER VACATING DENYING ORDER.—The reversal upon appeal of an order vacating a previous order denying a petition for the partial distribution of the estate of a deceased person deprives the order appealed from of all vitality and force, and leaves the order denying the petition in full force and effect until it is expressly set aside or reversed upon appeal.

ID.—SUBSEQUENT ORDER GRANTING PETITION—DENYING ORDER NOT VACATED—POWER OF COURT.—A subsequent order granting the petition for partial distribution, without any vacation of the previous order denying it, did not operate impliedly to vacate it, and the court had no authority to make such subsequent order.

ID.—DENIAL "WITHOUT PREJUDICE."—The fact that the order denying the petition was made "without prejudice to making another application" cannot justify a subsequent order granting the same petition which was previously denied, or render the denial thereof less effective in determining the issues then presented; and such reservation was not necessary to preserve the right to file a new petition.

ID.—INSUFFICIENT NOTICE OF HEARING—NOTICE TO EXECUTORS—ABSENCE OF POSTING—JURISDICTION.—The notice of the hearing of a motion to vacate an order denying a petition for partial distribution, and of an application for an order granting such petition, which is served upon the executors only, without any posting of notice to acquire jurisdiction of all legatees and creditors, is insufficient to give jurisdiction to make either order.

APPEAL from an order of the Superior Court of Stanislaus County granting a petition for a partial distribution of the estate of a deceased person.   William O. Minor, Judge.

The facts are stated in the opinion, and in *Estate of Mitchell*, 121 Cal. 391.

James F. Peck, for Appellants.

Earl H. Webb, and C. A. Stonesifer, for Respondents.

CHIPMAN, C.—Appeal by the executors of the testator's estate from an order making partial distribution to certain lega-

tees and directing a certain sum to be paid to the county treasurer of Stanislaus county as collateral inheritance tax. The cause was here on a former appeal, and the facts are quite fully stated in the opinion on that appeal and need not be repeated at this time. (*Estate of Mitchell*, 121 Cal. 391.) Briefly, the court below had, by an order dated September 11, 1896, denied the petition of certain legatees for a partial distribution, the hearing of which was duly noticed. Subsequently, the legatees served personal notice upon the executors, but upon no others, of a motion to vacate the order denying the petition and to grant the petition. The executors objected to the hearing on the ground that no notice had been served upon other interested parties, and on the ground that the court had no jurisdiction. The court granted the motion and made an order vacating the first order denying the petition, and also ordered the distribution prayed for. This order was made February 27, 1897. The executors appealed from this last order, and it was reversed here and "the cause remanded for further proceedings." The reversal was ordered on account of two errors specifically pointed out, to wit: 1. That the order relieved the legatees from the necessity of giving any bond; and 2. It ordered "the whole of the legacies paid, as shown by the will, without deducting therefrom the sum of eleven hundred and sixty-six dollars and sixty-six and two-thirds cents paid to each of the legatees after the original hearing and before the final hearing." The point raised as to the sufficiency of the notice of the motion to confer jurisdiction to make the order was remarked upon by Mr. Commissioner Searls, who wrote the opinion, but in promulgating the decision the question as to the sufficiency of the notice was not decided. One of the judges especially disclaimed expressing any opinion upon it, and another judge concurred in the judgment simply. The question was, we think, left open. *Remittitur* went down August 8, 1898. On August 10, 1898, the attorneys for the legatees served notice on the executors (which was filed August 11, 1898) that they would, on August 23, 1898, move the court for an order of partial distribution "in conformity with the decision of the supreme court . . . . made and filed on the seventh day of July, 1898. Said motion will be made upon the said decision now on file herein and the papers,

records, and folios herein." No notice of this motion was served otherwise than upon the executors personally. It was stipulated that the motion might be heard August 29, 1898, the executors "reserving all rights to said executors to make objection to the jurisdiction of the court to hear the motion; and to such other objection as goes to the right of the petitioners to have distribution made to them in the present proceedings." The motion was heard August 29th, the executors making objection to the jurisdiction; the petitioners introduced the *remittitur* and the opinion filed by this court July 7, 1898, whereupon the motion was submitted and the court made an order of the date of the hearing granting the petition and ordering the distribution prayed for. The two errors, pointed out in the opinion of this court on the former appeal, were corrected, but otherwise the order was in effect about the same as the order of February 27, 1897. It is from this last order the executors now appeal.

When the order of February 27, 1897, was reversed it no longer had any vitality or force, and the result was to leave the proceeding where it stood before that order was made. (2 Freeman on Judgments, sec. 481.) The order of September 11, 1896, denying the petition, thereupon came into full force and effect, and it has never been vacated or set aside. The subsequent order granting the petition did not operate to vacate the order of September 11, 1896, denying the petition. (Freeman on Judgments, sec. 104 a.) As was said in *Nuckolls v. Irwin*, 2 Neb. 60: "When a judgment is once entered of record it must stand as the judgment until it is vacated, modified, or disposed of by some means provided by law; entering additional judgment entries is not one of them." We do not think the situation was such as to justify the rule sometimes applied by which the subsequent judgment by implication is held to vacate the former judgment. A judgment, when pronounced, must stand until set aside or reversed on appeal. (*Stearns v. Aguirre*, 7 Cal. 443.) We do not think the case of *Paige v. Roeding*, 96 Cal. 389, and *Colton etc. Co. v. Swartz*, 99 Cal. 278, can aid respondents, for the bill of exceptions presents all the facts, and we cannot presume that the court vacated the first order before proceeding to hear the last motion. Assuming that the court had jurisdiction to make an order vacating this first order, we do not see under what rule or by what

authority the court afterward, while this original order remained in force and without taking any steps to vacate it, proceeded, by motion merely and upon no notice other than to the executors, to hear the original petition a second time and make an order granting it. When the first order was made it was final so far as the hearing upon the petition at that time was concerned, and it was an appealable order. That part of the order vacating the first order may not have been appealable if that had been its only purpose. (*Estate of Hickey*, 121 Cal. 378.) But it also ordered distribution, which was an appealable order. The appeal was taken from the entire order, and when reversed the reversal operated to reverse that part of the order vacating the first order. As the record now appears, the court heard and determined the petition a second time, reversing its former judgment while that judgment stood unappealed from and after it had withstood the only attack made upon it by the motion to vacate it. It is true the first order denied the petition "without prejudice to making another application." But this saving clause did not make the order less effective in determining the issues as then presented; and as to preserving any right in the legatees to make another application, it was unnecessary. While the order was final and appealable so long as it stood unassailed in that proceeding, there was nothing in it to prevent another petition being filed and heard whenever the legatees might believe a more favorable showing for them could be made, or it was by them thought probable that the court might take a different view of the matter, or the condition of the estate had changed so as to make the distribution proper.

2. But, aside from this view of the matter, the objection to the order of February 27, 1897, as well as to the order of August 29, 1898, from which this appeal is taken, already briefly referred to, stands in the way of affirming the latter order. The notice of the motion to vacate the order of September 11, 1896, and the notice of the second motion to hear the petition were served only upon the executors. No notice was given by posting as prescribed by section 1663 of the Code of Civil Procedure. After the order of September 11, 1896, denying the petition was made, and the legatees, by their motion to vacate that order, had failed and the order was left in force, there was no way open

to them to have their petition heard except by pursuing the statutory method requiring notice to be posted. Service of the notice of the motion upon the executors alone was not sufficient. There were other legatees and there were creditors. The first order denying the petition was favorable to them, but the subsequent order granting the petition was adverse to their interests. They should have had an opportunity to be heard, and we do not think that notice to the executors gave them such opportunity, for the executors did not represent them. Section 1663 requires notice to be given by posting, presupposing that others than the executors might have an interest adverse to the petition. It is true that they did not appear in response to the first notice of the hearing, which was duly served, and they would be and are bound by the order then entered. But after the legatees had failed to appeal from that order, and had also failed in their attack upon it by motion, we think the court lost jurisdiction to further act except after new notices had been given as required by the statute. The legacies bequeathed to other legatees amounted to about three hundred thousand dollars; there were unsecured creditors of considerable amount; and, although apparently the estate was solvent, these other legatees and the creditors had an interest adverse to the petitioners who asked for payment at a time when all could not be paid, and were thus to be preferred in point of priority of payment.

We advise that the order be reversed.

Britt, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order is reversed.        Harrison, J., Van Dyke, J., Garoutte, J.