[Sac. No. 1285.   Department One.—May 3, 1905.]

In the Matter of the Estate of C. W. CARPENTER, Deceased. ARTHUR L. LEVINSKY, Appellant, v. C. K. BAILEY, Executor, Respondent.

ESTATES OF DECEASED PERSONS—SETTLEMENT OF ACCOUNT — APPEAL FROM ORDER—SERVICE OF NOTICE.—Upon appeal from an order settling the account of an executor, the notice of appeal need not be served upon a creditor whose claim was allowed, and who is not shown by the record to have appeared at the settlement of the account, nor upon attorneys who had rendered legal services to the executor, to whom he was directed to pay certain sums as compensation therefor.

ID.—ALLOWANCE TO ATTORNEY FOR ABSENT MINORS—JURISDICTION—PRESUMPTION OF NOTICE.—The court had jurisdiction, under section 1718 of the Code of Civil Procedure, prior to its repeal, to appoint an attorney to represent absent minors who have no general guardian, and to make an allowance to such attorney, payable from the portion of the heirs, legatees, or devisees represented. Where it is found that the order fixing the fee was duly given, made, and entered, it must be presumed that it was not ex parte, but upon

proper notice, in the absence of any showing to the contrary in the record.

ID.—ALLOWANCE OF INTEREST TO EXECUTOR UPON ADVANCES—FINDINGS —ABSENCE OF EVIDENCE.—An executor who has, without his fault, necessarily advanced money to an estate for its benefit may be allowed such advances, with interest thereon, and findings that the advances were proper and beneficial, and were made at a time when there were no funds of the estate in his hands, and resulted in the preservation of the estate, are sufficient to sustain the allowance of interest, and cannot be assailed in the absence of a bill of exceptions showing the evidence taken at the hearing.

ID.—PAYMENT OF EXECUTOR TO EXCLUSION OF ATTORNEY FOR MINOR HEIRS.—The court did not err in allowing the payments to the executor for advances and interest before paying the claim of the attorney for the minors, whose allowance is subject to the payment of all expenses of administration and debts, and is payable out of a distribution fund which can have no existence until such expenses and debts are paid.

ID.—OBJECTION TO ANNUAL ACCOUNT—CONDITION OF ESTATE—ORDER OF SETTLEMENT.—An objection to the annual account of the executor, that it does not show what property or estate is in the possession of the executor, does not preclude the court from settling the account; nor is it essential that the order settling such account shall set forth the present condition of the estate, or show the property and estate on hand, together with its value.

ID.—REVIEW UPON APPEAL — SUBSEQUENT REFUSAL TO AMEND FINDINGS.—Upon appeal from the order settling the account, this court cannot consider a refusal made more than a month after the taking of the appeal, to amend the findings of fact made upon the settlement of the account.

APPEAL from an order of the Superior Court of San Joaquin County settling an executor's account. W. B. Nutter, Judge.

The facts are stated in the opinion of the court.

Arthur L. Levinsky, Appellant, *in pro per*.

James A. Louttit, and Louttit & Middlecoff, for Respondent.

ANGELLOTTI, J.—This is an appeal from an order settling an account of the executor of the will of C. W. Carpenter, deceased. The account covered the period between the time of the appointment of the executor on February 23, 1884, and January 1, 1901, and was not presented or settled as a final

account. The only appellant is the assigneee of one S. D. Woods, who, as appears from the findings, was, on the nineteenth day of September, 1892, by an order ''duly made, given and entered in the above entitled matter and estate,'' allowed the sum of three thousand dollars ''as attorney's fees for services rendered by him as attorney of the minor legatees and devisees named in the last will and testament of said C. W. Carpenter, deceased,'' and payment of said amount was, by said order of September 19, 1892, directed to be made as necessary expenses of administration. No part of the same has ever been paid.

It is claimed that the appeal should be dismissed for the failure on the part of appellant to serve his notice of appeal on certain persons alleged to be adverse parties. One of such alleged adverse parties was a creditor whose claim had been duly allowed, but who did not, so far as the record shows, make any appearance in the matter of the settlement of this account. As he did not appear and make himself a party to this proceeding, it was not necessary to serve the notice of appeal upon him. (*Estate of McDougald,* 143 Cal. 476.) The other alleged adverse parties were attorneys who had rendered legal services to the executor in the matter of said estate, and to whom the executor was directed by the order settling his account to pay certain sums as compensation therefor. These attorneys of the executor were not persons interested in the estate, and could not be parties to the proceeding of settlement of account. It was not necessary to serve the notice of appeal on them. (*Estate of Kruger,* 143 Cal. 141.)

It is urged by respondent that the order of September 19, 1892, in favor of S. D. Woods, was made without jurisdiction and is void, and that his assignee has, therefore, no interest whatever in the estate, and cannot maintain this appeal. From the record before us, we cannot say that the order, so far as it fixes the fee to be received by the attorney theretofore appointed under the provisions of section 1718 of the Code of Civil Procedure to represent the minor legatees and devisees, was beyond the jurisdiction of the superior court. Under the provisions of that section, which was repealed in 1903 (Stats. 1903, p. 243) the court was authorized to appoint an attorney to represent devisees and legatees who were minors, and had no general guardian, and to fix the fee of the person so ap-

pointed. It is found that the order fixing the fee was duly given, made, and entered, and it must be presumed in favor of the order, in the absence of a showing to the contrary in the record, that all persons interested were duly notified of the application for the fixing of the fee, and that the order was not, as suggested, an *ex parte* order. The mere fact that there never had been any previous account filed by the executor, if such fact is shown by the record, does not conclusively establish want of notice to all parties interested, of the application for the fixing of this fee. There may have been an application for the sale of realty, or some other appropriate proceeding, in which all of the parties interested were before the court, with full notice of the application for the fixing of this fee. The record does not show that such was not the case.

The principal points made by appellant for reversal are,— 1. That the superior court erred in allowing the executor interest upon the money advanced by him; and 2. That said court erred in decreeing that the executor should have and recover from the estate, the balance remaining due him for moneys advanced and interest thereon, before any payment should be made on account of appellant's claim. The superior court allowed the executor interest upon all amounts expended by him, at the rate of seven per cent per annum from the time of payment to January 1, 1901, and charged him with interest upon all amounts received by him as executor, at the same rate, from the time of receipt to January 1, 1901. It found that, on such basis, there was due the executor on January 1, 1901, a balance of $22,201.41. As to such allowance of interest to the executor the court found, ''That all of said expenditures made by said executor were proper and beneficial to said estate and those interested therein and resulted in the preservation thereof for the parties entitled thereto, and said executor made said expenditures at a time when there were no funds of said estate in his hands and he is entitled to interest on said amounts as set forth above.'' There is no bill of exceptions showing the evidence taken on the hearing in the superior court. The account and report show that the great bulk of the disbursements made by the executor were made in and about the large amount of litigation in which the estate appears to have been involved, most of

which related to the maintenance of the will under which the minor devisees and legatees claimed.

We cannot say, in the face of this finding, and in the absence of any bill of exceptions showing the evidence, that the court erred in allowing the executor interest upon advances made by him.

It appears to be well settled that circumstances may be such as to justify a court in allowing the executor or administrator interest upon advances made by him for the benefit of the estate, either from his own funds or from money borrowed by him for that purpose. It is true that claims for interest are not favored, will be viewed with caution, and examined with scrupulous care, but it is uniformly recognized that the condition of an estate is sometimes such as not only to authorize, but strongly commend such advancement of money. In American and English Encyclopedia of Law (2d ed., vol. 11, p. 1267) it is said: "In regard to interest on advances to the estate made by the executor or administrator out of his own funds, the rule is well settled that credit will be allowed if the advances were beneficial to the estate, and the necessity of making them was not occasioned by any neglect or delay on the part of the executor or administrator. But such claims are not favored, and in no case will they be allowed if the advances were not beneficial to the estate, or if the executor had funds of the estate in his hands, or could have put himself in funds from the estate." (See, also, Woerner on Law of Administration, 2d ed., sec. 523; *Liddell* v. *Mc-Vickar,* 11 N. J. L. 44, 47;[1] *Pettingill* v. *Pettingill,* 60 Me. 411, 425; *Trimble* v. *James,* 40 Ark. 393, 406.) Where it is absolutely essential for the protection of an estate and the preservation of the property thereof for those beneficially interested, that the executor should advance money, and he does so, thereby producing benefit to those interested therein, it is only equitable that he should be fully reimbursed, and "it is according to the rules and principles of equity that the acts of an executor had in the administration of his trust are to be adjudged." (*In re Clos,* 110 Cal. 494, 501.) In the absence of the evidence, we cannot say that the circumstances of this estate were not such as to justify the action of the court both as to the allowance of interest and the rate thereof.

[1] 19 Am. Dec. 369.

As to the claim that the court erred in providing that the executor might repay himself the balance due him for advances and interest before paying appellant any portion of his claim, it would seem to be clear that appellant is entitled to the payment of his claim only after the payment of all expenses of administration and debts. His claim is not an expense of administration of the estate in the true sense. The *status* of an attorney appointed under section 1718 of the Code of Civil Procedure was discussed at some length in *Estate of Lux*, 134 Cal. 3, and it was there said that the statute directs the charge for the services of such an attorney to be made against the interest represented by the attorney, and that it authorizes payment out of the estate only where the estate can be reimbursed by retaining the amount from "the portion of the heir represented." It was further said that a payment to such an attorney is in the nature "of a partial distribution to the heir." The provision of section 1718 to the effect that the attorney may receive a fee, to be fixed by the court, which must be paid out of the funds of the estate as necessary expenses of administration, can therefore be held to mean only that such fee shall be paid *from the portion of the heir, legatee, or devisee represented,* as a necessary part of the expense of administration, but until the payment of the general expenses of the administration of the estate and the debts of deceased, there can be no portion of the party so represented from which such payment can be made. The attorney so appointed stands in no better position than the person whom he represents, and his compensation is dependent upon the existence of a fund or property belonging to such person. Until the payment of the general expenses of administration and debts of deceased, there can be no such fund or property.

In his written objections to the annual account, appellant alleged: "That said account does not show what property or estate is in the possession of said executor." There was nothing in this objection which precluded the court from proceeding to settle the account. Nor was it essential that the order settling the account "shall set forth the present condition of said estate," or show "the property and estate on hand, together with its value."

We cannot, of course, upon this appeal from the order

settling the account, consider the contention that the court erred in refusing to grant a motion made by appellant more than a month after the taking of such appeal, for the amendment of the findings of fact filed upon the settlement of the account.

The order appealed from is affirmed.

Shaw, J., and Van Dyke, J., concurred.