In the Matter of the Accounting of AMELIA GALL, as Administratrix of the Estate of JOSEPH GALL, Deceased, Appellant.

AMERICAN SURETY COMPANY, Appellant; CHARLES F. GALL, Respondent.

1. STATUTE OF LIMITATIONS — PROCEEDING BY A CREDITOR FOR MODIFICATION OF SURROGATE'S DECREE SETTLING ESTATE. A proceeding by a creditor of a decedent to procure a modification of a decree finally settling the accounts of the administratrix and distributing the estate, by directing the payment of his claim, brought eight years and one month · after the granting of letters, is not barred by the Statute of Limitations where it appears that the administratrix was served with notice of the claim within six months after the granting of letters, did not reject it, and no proceedings were taken to have the claim passed upon under section 1822 of the Code of Civil Procedure, but an accounting and distribution of the estate were had, in which she not only made no mention of the claim, but alleged upon oath that her daughter, an infant, was the only creditor; and the claimant was not cited to appear and had no notice of that proceeding; and, acting upon the assumption that no final decree settling her accounts would be made without notice to him, he began an action at law against her for the payment of his claim, which she contested for over five years, and which finally resulted in a judgment in his favor and in the meantime she devastated the estate. Under such circumstances the former sections of the Code of Civil Procedure, now sections 2514, 2722, 2726, and 2745, relied upon as having furnished the creditor an ample remedy, have no application and cannot be used by the administratrix as a shield against her own fraud; a decree, therefore, modifying the decree of distribution and making her personally liable for the amount of the claim, is properly directed.

2. PARTIES. Although the proceeding is of an equitable nature and restitution by the infant of the amount paid to her could not be decreed.

by the surrogate, nevertheless her rights will be affected by the final decree, and under the special facts of this case, she should be made a party to the proceeding.

*Matter of Gall*, 102 App. Div. 624, modified.

(Argued May 31, 1905; decided June 13, 1905.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 3, 1905, which affirmed a decree of the Kings County Surrogate's Court settling the accounts of the administratrix herein and directing distribution of the estate.

This proceeding was instituted by the respondent, Charles F. Gall, in September, 1898, for the purpose of procuring a decree modifying a decree entered on April 7th, 1892, finally settling the accounts of Amelia Gall, as administratrix of Joseph Gall, distributing the estate and directing the payment of a claim made by him which would absorb substantially the entire estate.

The respondent's claim arose out of the following facts: In the year 1882, the respondent, a nephew of the decedent, residing in California, then named Charles Funkenstein, gave up a profitable business and came to New York to live with the decedent at the latter's request, upon his agreement to leave his nephew the whole of his estate. The respondent changed his name to Charles F. Gall, lived with the decedent and took charge of his business. The decedent was at that time a man about eighty years of age. In April, 1883, he made a will in which, after making bequests of $1,000 to each of certain collateral relatives, he left the residue of his estate to the respondent. In 1884 he made a codicil to his will, in which he left to Amelia Stieb (now Amelia Gall, the administratrix, appellant), "a former servant of my wife," $1,000, and to Betsy Gall, the offspring of testator and Amelia Stieb or Gall, $5,000. He died May 22nd, 1886, at the age of eighty-two years. The will and codicil were offered for probate, and on January 9th, 1890, probate was refused on the ground that the decedent had been married to Amelia Gall subsequent to the execution of the will and codicil, and that issue had been

born to him and his wife of such marriage, such issue being a posthumous child named Caroline Gall.

Thereupon, and in April, 1890, the respondent commenced a suit in equity for the purpose of compelling specific performance of the agreement between him and the decedent, and to declare the codicil void as in violation of the agreement. In that action the trial court found all the facts in favor of the respondent substantially as above set forth, but dismissed the complaint on the ground that specific performance could not be enforced. A decree to that effect was entered May 11th, 1891.

Prior to the entry of that decree, and on July 29th, 1890, letters of administration had been issued to decedent's wife, Amelia Gall. Shortly thereafter the respondent presented to the administratrix a claim against the estate of his uncle for work, labor and services. The administratrix petitioned the Surrogate's Court of Kings county for a judicial accounting of the estate, and on April 7th, 1892, procured a decree finally settling her accounts and distributing the estate between herself and the infant daughter, Caroline Gall. The respondent was not cited to attend the accounting proceeding, and never had any notice of the settlement and distribution of the estate.

Thereafter, and on July 18th, 1893, the respondent commenced an action at law against the administratrix upon his claim against the estate. She contested this action, and it finally resulted in a verdict in favor of the respondent for the sum of $21,960.60, upon which judgment was entered November 22nd, 1897, *nunc pro tunc*, as of October 16th, 1897. (*Gall* v. *Gall*, 17 App. Div. 312; *Gall* v. *Gall*, 27 App. Div. 173.)

After the recovery of that judgment and its affirmance by the Appellate Division, the respondent commenced this proceeding on September 3rd, 1898, to modify the decree of April 7th, 1892, settling the accounts of the administratrix, so as to direct the payment of his judgment. The administratrix and the American Surety Company, the surety on her

bond, were made parties to that proceeding, but the infant Caroline Gall was not made a party. At the time it was commenced, eight years and one month had elapsed since the granting of letters to the administratrix.

On January 9th, 1899, the surrogate denied the respondent's application for the relief sought in that proceeding, upon the ground that his claim was barred by the Statute of Limitations, but, on appeal, that decree was reversed by an order entered July 1st, 1899. (40 App. Div. 114; 42 id. 255.)

Finally, on July 26th, 1899, the surrogate made an order opening the decree of April 7th, 1892, which settled the accounts of the administratrix, directed distribution, and gave the respondent leave to file objections to the original account as ordered by the decision of the Appellate Division.

Upon application of the surety company, that order of the surrogate was resettled so as to provide that the surety company should bring in the infant, Caroline Gall, as a party, although the surety company claimed that it was the duty of the respondent to bring in the infant. The surety company appealed from the order as resettled, and it was affirmed by an order entered February 2nd, 1900. (47 App. Div. 490.)

The respondent also appealed from the order as resettled and from each and every part thereof in so far as it permitted the surety company to bring in the infant. By an order dated March 13th, 1900, the Appellate Division reversed so much of the order as permitted the surety company to bring in the infant. (49 App. Div. 636.)

Before the entry of this last order of the Appellate Division, the surrogate, by an order dated February 15th, 1900, extended the time of the surety company to bring in the infant, and meanwhile stayed proceedings. This last order of the surrogate, so far as it extended the time and stayed proceedings, was also reversed by the Appellate Division upon the respondent's appeal. (49 App. Div. 636.)

The surrogate's order of February 15th, 1900, also appointed a referee to try, hear and determine the issues raised by the

objections of the respondent to the final decree. The first report of the referee, dated July 10th, 1901, finding in favor of the respondent, was not adopted by the surrogate, as the order appointing the referee had too narrowly circumscribed his authority, and the matter was sent back to the referee. Thereupon the referee submitted a second report in which he found, among other things, that the administratrix, with full knowledge of the claim of the respondent, had wrongfully and improperly disposed of all of the assets of the estate of the decedent in her hands; that she had converted the same to her own use and wholly wasted the estate. He charged the administratrix with the sum of $13,061.58, assets of the estate received by her, and with interest thereon at the legal rate from April 7th, 1892, and directed that after paying the expenses of the accounting she pay to the respondent the sum of $21,961.60. This report was confirmed by the surrogate and a decree was entered in accordance therewith. Upon appeal the Appellate Division affirmed this final decree of the surrogate.

From the affirmance by the Appellate Division the administratrix and the surety company appealed to this court, and in their notices of appeal signified their intention to bring up for review the orders of the Appellate Division above recited, which opened up the original decree and also the orders relating to the right of the infant, Caroline Gall, to be made a party to this proceeding.

*Charles F. Brown* and *George W. McKenzie* for appellants. The order of the Appellate Division reversing the order of the surrogate denying the application of the respondent is erroneous, as the six years' Statute of Limitations was a bar to the application. (Code Civ. Pro. § 2726; *McCartee* v. *Camel,* 1 Barb. Ch. 466; *Clark* v. *Ford,* 1 Abb. Ct. App. Dec. 360; *Matter of Rogers,* 153 N. Y. 316; *Matter of Meyer,* 98 App. Div. 7; *Matter of Camp,* 126 N. Y. 377; *Kenny* v. *Jackson,* 1 Hagg. 105; *Smith* v. *Price,* 1 Lee, 569; *Philipson* v. *Harvey,* 2 Lee, 344; *Gale* v. *Luttrell,* 2 Add.

234; *Wainford* v. *Barker*, 1 Ld. Raym. 232.) The decree of April 7, 1902, was never set aside, as the infant, Caroline Gall, the next of kin, who was a necessary party to the proceeding brought by Charles F. Gall, was not made a party and did not voluntarily appear therein. (*Matter of Killan*, 66 App. Div. 312; *Johnson* v. *Farrell*, 10 Abb. Pr. 384; *Webb* v. *Bulger*, 4 Hill, 588; *Cox* v. *Clarke*, 45 Misc. Rep. 102; *Delano* v. *Rice*, 26 Misc. Rep. 502; *Burnett* v. *Burnett*, 86 App. Div. 386; *Doyle* v. *Fritz*, 86 App. Div 515; *Matter of Hood*, 90 N. Y. 513; *Matter of Underhill*, 117 N. Y. 474.) The infant, Caroline Gall, not having been cited or brought in as a party to the proceeding, the surrogate was prohibited from entering a decree granting distribution to Charles F. Gall. (Code Civ. Pro. § 2727; *Harris* v. *Ely*, 25 N. Y. 141; *McMahon* v. *Smith*, 20 Misc. Rep. 306; *Matter of Rainworth*, 37 Misc. Rep. 661.)

*Ira Leo Bamberger* and *Fernando Solinger* for respondent. The Statute of Limitations is not applicable to the facts of the case at bar. (*Matter of Henderson*, 157 N. Y. 426; *Matter of Whitehead*, 38 App. Div. 319; *Matter of Merritt*, 35 App. Div. 337; *Matter of O'Brien*, 33 Misc. Rep. 17; *Matter of Stevenson*, 77 Hun, 207; *Matter of Whitbeck*, 23 Misc. Rep. 494; *Matter of Huntington*, 39 Misc. Rep. 474; *Matter of Meyer*, 98 App. Div. 7.) The infant, Caroline Gall, was not a necessary party to the respondent's application to modify the decree of April 7, 1902. (*Matter of Gall*, 47 App. Div. 493; *Adair* v. *Brimmer*, 74 N. Y. 558; *Rutherford* v. *Myers*, 50 App. Div. 298; *Johnson* v. *Weir*, 34 Misc. Rep. 683; *Matter of Underhill*, 117 N. Y. 471; *Matter of Killan*, 172 N. Y. 547; *Matter of Hodgman*, 140 N. Y. 421; *Matter of Lang*, 144 N. Y. 275.)

WERNER, J. For twenty years this estate has been in litigation. It has been before this court on three previous appeals. (*Gall* v. *Gall*, 114 N. Y. 114; 138 id. 675; 160 id. 696.) The result of it all has been an adjudication finally

determining the validity of the respondent's claim to substantially the whole estate. With this adjudication, which seems eminently just on the merits, we are not disposed to interfere, unless some insurmountable rule of law compels us to do so.

Upon this appeal two questions are presented for determination : (1) Is this proceeding barred by the Statute of Limitations? And (2) should the infant, Caroline Gall, have been made a party to it?

1. The appellants' reliance upon the Statute of Limitations is based on the fact that eight years and about one month elapsed between the date of the granting of letters to the administratrix, July 29th, 1890, and the date of the commencement of this proceeding, September 3rd, 1898. Her counsel invokes the rule laid down in *Matter of Rogers* (153 N. Y. 316, 320) where this court said : " It is well settled that as to legacies not charged upon land, distributive shares of an estate and debts owing by decedent, the statutes of this state give a concurrent remedy to legatees, creditors and next of kin, in courts of law and equity and in the Surrogate's Court, and that as the Statute of Limitations is a bar at law it is also a bar in the Surrogate's Court or in a court of equity." There is no question as to that rule, but we think it does not apply to such facts as are disclosed in the case at bar. It will be observed that in December following the issuance of letters to the administratrix she was served with notice of the respondent's claim. It was not rejected, nor were any proceedings taken to have the claim passed upon under the provisions of section 1822 of the Code of Civil Procedure, but an accounting and distribution of the estate were had, just as though the respondent had not been in existence. In that accounting proceeding the administratrix not only made no mention of the respondent's claim, but alleged upon oath that her daughter Caroline was " the only creditor or person claiming to be a creditor of the decedent." The respondent was not cited to appear and had no notice of that proceeding. The decree entered therein, authorizing the distribution of the estate, was, therefore, void as to the respondent. (*Matter*

*of Killan*, 172 N. Y. 547.) But this was not all. A serious wrong had been done to the respondent. His claim had not only been ignored, but the estate had been distributed and, as subsequent events proved, had been devastated. All this was accomplished through the falsehood and fraud of the adminis-tratrix. Thus it is obvious that the question is not simply whether the Statute of Limitations applies to such a proceed-ing, but whether an administratrix can use it as a shield against her own fraud.

When the respondent had duly presented his claim to the administratrix, he was justified in assuming that no final decree settling the latter's accounts and distributing the estate would be made without notice to him. Acting upon that assumption he began an action at law in 1893 against the administratrix for the payment of his claim. The administra trix contested that action at every step, two appeals being taken to the Appellate Division and one to this court. After the judgment therein in favor of the respondent had been affirmed by the Appellate Division on the second appeal, and pending the appeal to this court, in September, 1898, the respondent commenced this proceeding to modify the decree settling the account and distributing the estate.

The numbers of the sections of the Code of Civil Proced-ure which apply to this proceeding have been changed since the issuance of letters to the administratrix, but their sub-stance remains unaltered and we will refer to them by their present numbers. Sections 2726 and 2727, so far as material, provide that a creditor of a deceased person, after the expira-tion of one year from the issuance of letters, may apply to the surrogate for a judicial settlement of the representative's account. The representative also had the right to so apply. Section 2722 provides that after six months have expired since the issuance of letters a creditor may petition the surrogate for a decree directing the payment of his claim. Section 2514 defines the meaning of terms used in these sections and provides: " The word ' debts' includes every claim and demand, upon which a judgment for a sum of money, or direct-

ing the payment of money, could be recovered in an action; and the word 'creditor' includes every person having such a claim or demand. * * * "

The appellant contends that these sections of the Code afforded the respondent an ample remedy at any and all times for six years after eighteen months had expired since the issuance of letters to the administratrix; that the remedy thus provided was concurrent with the remedy at law, and that the statute which would bar one would bar the other. We do not propose to discuss that question in its general aspects, but simply as applied to the facts of this case. Here the administratrix has obtained a judicial settlement of her accounts and has distributed the estate without citing a creditor whose claim has been duly presented. As to that creditor the proceeding was a nullity. It is idle to talk about his having had an effective remedy in the Surrogate's Court. While he was trying to establish his claim in a court of competent jurisdiction where the administratrix was contesting him at every step, the administratrix was engaged in despoiling the estate of which she had obtained possession under the false representation to the surrogate that there were no creditors. The court in which the respondent prosecuted his claim was the very tribunal to which he would have been relegated by the surrogate if the latter had been ousted of jurisdiction by the opposition of the administratrix to the claim. Section 2722 expressly provides that where a representative of an estate puts in an answer questioning a claim the surrogate must dismiss the proceeding. Practically the same result would have followed if the respondent had proceeded under sections 2726 and 2727 for a general accounting. In such a proceeding the surrogate has jurisdiction to pass only upon claims that have been admitted or established upon the accounting or other proceeding in the Surrogate's Court or other court of competent jurisdiction, and where there is a dispute the creditor is driven to the common-law courts to have his claim established. (Code Civ. Pro. § 2743; *Glacius* v. *Fogel*, 88 N. Y. 434; *Riggs* v. *Cragg*, 89 id. 479; *Lambert* v. *Craft*,

98 id. 342, 347; Jessup's Sur. Pr. p. 1310.) Thus it will readily be seen that if the appellant's contention is sound, the representative of an estate needs only to contest a claim long enough to be sure of defeating it by pleading the Statute of Limitations as to the remedies given to the creditor by the Code, but which he had neither occasion nor authority to invoke until his contested claim has been legally established.

Sec. 2745 provides that "where an action is pending between the executor or administrator, and a person claiming to be a creditor of the decedent; the decree must direct that a sum, sufficient to satisfy the claim, or the proportion to which it is entitled, * * * be retained in the hands of the accounting party." That section clearly has no application here, because it plainly refers only to a case in which no distribution has been made before the pendency of an action to enforce a claim is brought to the notice of the surrogate. It follows from this, we think, that the administratrix by her conduct in distributing the estate without citing the respondent in her accounting proceedings, made herself personally responsible for the amount of his claim, and that she cannot now be heard to say that the Statute of Limitations protects her from the consequences of her own wrong.

(2) The learned Appellate Division appears to have held that the infant, Caroline Gall, was not a necessary or proper party to this proceeding, on the ground that this was a contest simply between the respondent and the administratrix, in which the latter was sought to be made personally liable for the amount of the respondent's claim, because of her wrong in procuring a decree of distribution without citing him. We take a different view. This proceeding is of an equitable nature, and while the surrogate would have no right to decree restitution by the infant, of the portion of the estate paid to her (*Matter of Underhill*, 117 N. Y. 471; *Matter of Lang*, 144 id. 275), still as one of the next of kin she was interested in the final distribution of the estate, and her rights would necessarily be affected by the final decree herein. In passing upon a somewhat similar question in *Riggs* v. *Cragg* (89

N. Y. 479, 486) this court said : " It is a general rule of courts of equity that all persons materially interested in the object of the suit must be joined, so that there may be a complete and final determination of the controversy. There are exceptions to the rule, where its enforcement would cause great practical inconvenience, or where the interests of persons not parties are deemed to be protected by representation. Of the latter class is the case of a bill filed by a single creditor or legatee, against an executor or administrator for the satisfaction of his single debt or legacy, without joining the other creditors or legatees, or next of kin, although the allowance of the particular debt or legacy may diminish the fund in which they are interested. But if special facts exist, which render the actual joinder of all the persons interested proper, as where there is a deficiency of assets, the bill must make all the persons so interested parties either as plaintiffs or defendants, or where their rights are identical or not inconsistent, it must be filed in behalf of the plaintiff and all others in the same relative situation. And in actions against trustees in respect to the trust property or for an accounting, and the administration of the trust estate, all the *cestuis que trust* or beneficiaries are necessary parties." (See, also, *Matter of St. John,* 104 App. Div. 460.)

We think the special facts of this case render it proper, if not necessary, that the infant, Caroline F. Gall, should be made a party to the proceeding. The respondent had the right to proceed against the administratrix alone, but the American Surety Company, who had been made a party and was the surety upon her bond, had the right to ask that the infant, who would be vitally interested in the question of ultimate restitution and distribution, as well as in the alleged devastation of the estate, should be brought in so that the surrogate, to the extent of his jurisdiction, could pass upon and protect her rights. That is the practice which seems to have been provided in section 2727 for cases where there is a surplus of an estate distributable to creditors or to persons interested. In such cases the surrogate may at any time issue a supplemental

citation to the same classes of persons who are required to be cited in proceedings for a final accounting under section 2728.

There are objections by the appellants to the report of the referee, but they present questions of fact which we have no jurisdiction to review.

Since all the questions relating to the liability of the administratrix have been correctly disposed of, and the only remaining issues are such as may possibly arise when the infant is made a party, the order of the Appellate Division should not be reversed, but should be modified by directing that the proceeding be remitted to the Surrogate's Court, and when so remitted that the American Surety Company be permitted to make the infant a party, upon such conditions as to time as the Surrogate's Court may deem just; the proceeding should then be continued in so far, and so far only, as said court may deem it necessary for the proper protection of the infant's rights and interests.

As so modified the order of the Appellate Division should be affirmed, without costs to either party on this appeal.

GRAY, O'BRIEN, BARTLETT, HAIGHT and VANN, JJ., concur; CULLEN, Ch. J., not sitting.

Ordered accordingly.