[L. A. No. 16936. In Bank.—September 14, 1939.]

IDA LILIENKAMP et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Freston & Files and Edgar C. Smith for Petitioners.

Cruickshank, Brooke & Dunlap and Emrys J. Ross for Respondent.

SHENK, J.—This is a proceeding to review an order of the Superior Court in Los Angeles County, sitting in probate, vacating an order for partial distribution. The respondent made its return of the proceedings had before it relating to the order of partial distribution and the granting of the motion to vacate said order.

Louie E. Raymond died intestate on July 28, 1937, leaving a sister, Grace Raymond Peters, and two brothers, Howard D. Raymond and Gordon B. Raymond. The return shows the following facts subsequently occurring:

One of the brothers, Howard D. Raymond, accompanied the body of the decedent to Chicago for burial. Before his return, Grace Raymond Peters, in the presence of the decedent's housekeeper, Ida Lilienkamp, opened a tin box belonging to the decedent. She extracted therefrom a writing in the hand of the decedent and effected its destruction by burning it. She thereupon prepared and substituted therefor a typewritten unsigned memorandum which purported to be in form and substance a draft of a will naming the decedent as the testatrix. Upon the return of the brother from Chicago, Grace Raymond Peters, in the presence of both brothers, purported to open the tin box for the first time. She exhibited to them the typewritten memorandum reposing therein and represented to them that to her personal knowledge it expressed the last wishes of the decedent. Upon such representation the brothers consented to sign an agreement that the portions of the estate which would have constituted

legacies had the writing been executed, should be distributed accordingly. The papers filed with the return herein indicate that the destroyed writing (which it is stated has since been adjudicated not to constitute a will) purported to provide a legacy of $10,000 each to the surviving brothers and sister, certain other legacies, including one of $3,000 to Ida Lilienkamp, and the residue to nieces and nephews of the decedent.

The agreement executed by the sister and brothers quitclaimed their interest in certain of the decedent's property and requested distribution in accordance with said typewritten memorandum, as follows: To each of Hope Raymond Anderson and Morton Hull Raymond (children of Howard D. Raymond), Donald G. Raymond (son of Gordon B. Raymond) and Frederick R. Ahlborn (son of Grace Raymond Peters) the sum of $1,000 and certain personal possessions of the decedent; to Immanuel Presbyterian Church of Los Angeles, the sum of $1,000; to Ida Lilienkamp, the sum of $15,000 and the decedent's Buick car; and to Grace Raymond Peters, in addition to her right as a direct heir, all household furniture, rugs, clothing and jewelry, not otherwise mentioned, located at the home occupied by decedent in her lifetime.

Subsequently Grace Raymond Peters, as administratrix of the estate of Louie E. Raymond, deceased, presented her petition for an order approving the agreement and for partial distribution in accordance therewith. In that petition she represented to the court that prior to her death the decedent "expressed a written request that a certain portion·of her estate should be disbursed and given to certain persons, and a certain sum of money to the Immanuel Presbyterian Church of Los Angeles, and that pursuant to the express wish of the decedent that certain persons and the Immanuel Presbyterian Church be given certain personal property, as enumerated and set forth in the original Memorandum of agreement . . . " filed with the court, the heirs had so assigned and quitclaimed their interests in and to said property for distribution accordingly. The court, on May 5, 1938, made its order approving the agreement and for partial distribution in accordance therewith. Its order shows that notice of the hearing of said petition was given by posting, as required

by section 1200 of the Probate Code, and that no one appeared to contest the granting of the order.

Thereafter, the two brothers discovered that their sister had practiced a deception upon them. They gave written notice of rescission of the agreement to the special administrator of the estate succeeding Grace Raymond Peters. Within the six months' period prescribed by section 473 of the Code of Civil Procedure they noticed a motion for relief pursuant thereto and for an order vacating the order of partial distribution on the grounds stated in said section. That motion was addressed to and served upon said special administrator and Grace Raymond Peters, former administratrix, and her attorneys. Notice was not served on any of the distributees named in the order of partial distribution and none of them had entered an appearance in the probate proceeding. No objection was made to the granting of the motion and, on June 30, 1938, on the evidence before it, the court vacated the decree of May 5, 1938. Thereupon it also denied the petition for approval of the agreement and for partial distribution. The order vacating the order of partial distribution does not recite that notice was given to the petitioners herein. The contention on this review is that in the absence of any such notice and in the absence of any recital in the court's order precluding investigation therein on this proceeding, the order vacating the order of partial distribution is void.

The proceeding for the review herein was initiated by Ida Lilienkamp and the Immanuel Presbyterian Church of Los Angeles, two of the distributees named in the order of partial distribution.

■ The order of June 30, 1938, setting aside the decree of partial distribution, was not an appealable order. (*Estate of Calahan,* 60 Cal. 232; *Estate of Dean,* 62 Cal. 613; *In re Grussing's Estate,* 15 Cal. App. (2d) 11 [59 Pac. (2d) 152]; *Linstead* v. *Superior Court,* 17 Cal. App. (2d) 9 [61 Pac. (2d) 355].)

■ It is the petitioners' view that the court did not regularly pursue its authority for the reason that notice of the motion to set aside the decree was not personally served upon them; that, being distributees named in the order of partial distribution, they were entitled to be served personally with notice in order to give the court jurisdiction to

make the order pursuant to section 473 of the Code of Civil Procedure. On the other hand the respondent contends that any notice which may be prescribed by said section 473 is required to be served only upon persons interested who have appeared in the probate proceeding.

On the record before us we are of the opinion that the court did not act in excess of its jurisdiction in making the order setting aside the decree of partial distribution.

■ Jurisdiction of the probate court is a jurisdiction *in rem*. The *res* is the decedent's estate, and the object of the probate and administration proceedings is to secure distribution to the persons entitled to share in the estate. (*Edlund v. Superior Court*, 209 Cal. 690, 695 [289 Pac. 841].) Jurisdiction is established when the appropriate petition has been filed and the notice required by the statute has been given. ■ The usual method is by publication, or posting, as in the partial distribution proceeding here involved, or by both. By such method notice is deemed to have been given to all persons interested that the proceeding is pending. ■ Where there is no statutory requirement therefor, personal notice to persons interested, although their interest appears, is not essential to give the probate court jurisdiction to distribute the estate to those entitled. Absence of a requirement for personal notice in probate proceedings does not deprive an interested person of any of his constitutional rights. (*Security-First Nat. Bank* v. *Superior Court*, 1 Cal. (2d) 749 [37 Pac. (2d) 69]; *Estate of Davis*, 136 Cal. 590 [69 Pac. 412].) In truth such a requirement in many cases would prevent or render well-nigh impossible the discharge of the duty and authority devolving upon the probate court to make distribution of the estate. The subject of the necessity of personal notice to confer jurisdiction in the probate court was considered in *Estate of McDougald*, 143 Cal. 476 [77 Pac. 443]. At that time the Code of Civil Procedure provided that notice of appeal must be served on adverse parties. Notice of appeal from an order settling an account of the administratrix was not served on non-appearing creditors. They moved to dismiss the appeal on the ground that they were persons interested in the estate and, therefore, adverse parties who should have been served with notice. In disposing of the question adversely to that contention, the court said:

"If these contentions prevail, it is obvious that difficulties will arise in many cases. If a non-appearing creditor is an adverse party, so also would be a non-appearing heir or legatee, and if one must be served with notice of appeal, so must the other. . . . If all the parties thus interested in the fund are to be deemed adverse parties within the meaning of that term as used in section 940 of the Code of Civil Procedure, requiring service of notice of appeal on the adverse party, then in every appeal from a probate proceeding all such interested parties must be served with notice in order to give this court jurisdiction. Creditors and heirs are not required to appear by attorney in the administration of an estate, and indeed they may never appear at all, either in person or by attorney. They may be out of the jurisdiction, or their names and residences may be unknown. The statute provides no method of constructive service of notice of appeal upon nonresidents who have not appeared, or unknown parties. The time for taking the appeal from the orders of this character is limited to sixty days. In such cases the right of appeal secured by the statute would often prove unavailing, and it would be effectual only in those cases where the deceased left no heirs, legatees, or creditors residing out of the state, and none residing in the state whose names and residences were unknown. The construction contended for would defeat the purpose of the statute giving the right of appeal.

"The word 'party' should not be given so broad a meaning. That a person interested in an estate, although his name and his interest is disclosed on the face of the record, is not necessarily a party to the cause or proceeding is manifest from a consideration of the different cases where persons interested may or may not appear, at their option. . . . The names of these persons generally appear upon the face of the account, or upon some of the documents referred to therein, but the giving of the notice and the statement of their rights or claims does not, *ipso facto,* make them parties to the proceeding. The only effect of such a notice, so far as this question is concerned, is to give them an opportunity to become parties, so that, if they desire, they may appear and make themselves parties in some appropriate manner."

The court in that case concluded that although the order provided for payment in favor of the moving creditors, nevertheless, they did not thereby become parties to the

proceedings entitled to notice of the appeal in the absence of an appearance filed by them. It reviewed prior decisions of this court as being in harmony with its conclusion.

In *Estate of Kent,* 6 Cal. (2d) 154 [57 Pac. (2d) 901], the jurisdictional question considered on the appeal was whether an order settling the final account of the removed executrix was void because the required stipulation consenting to the hearing by a judge *pro tempore* was signed only by those who appeared in the estate. The stipulation had not been signed by non-appearing heirs, devisees and creditors. Section 5, article VI, of the Constitution, as amended in 1928, permitted the hearing by a judge *pro tempore* "upon stipulation of the parties litigant or their attorneys of record". On that appeal this court said: "Who are the parties in a probate proceeding? More than thirty years ago in the *Estate of McDougald,* 143 Cal. 476 [77 Pac. 443, 444], the Supreme Court of this state declared the law on the question, who are parties in a probate proceeding, in a well-reasoned opinion in which that question was the only question before the court, and the law so declared has been accepted and followed by the superior court of Los Angeles county and other counties from that day to this. That law has become a rule of property, followed alike by the title companies and all others interested in the vast amount of property which passes through the probate department of that court each year." The court then discussed and quoted extensively from the McDougald case, and continued: "The court's position is supported by citations therein from numerous decisions, including *In re Ryer's Estate,* 110 Cal. 556 [42 Pac. 1082]; *In re Calkins' Estate,* 112 Cal. 296, 297 [44 Pac. 577]; *In re Bullard's Estate,* 114 Cal. 462 [46 Pac. 297], and other cases. See, also, *In re Carpenter's Estate,* 146 Cal. 661 [80 Pac. 1072]. This also is the rule throughout the nation. In all but a few of the probate cases, when the question is raised, it is held that the several persons having an interest in the subject-matter of the action, who do not appear, are not parties. See cases collected in 88 A. L. R. 442.

"This law was stated again in almost the same language in *McKenzie* v. *Hill,* 9 Cal. App. 78 [98 Pac. 55, 56], as follows: 'In a proceeding to probate a will any person interested, whether as devisee, legatee, or heir, may appear and contest the probate. The petition for probate must show the

names of the heirs and devisees, and hence their interest must always appear in the record. Yet it would not be contended that an heir, devisee, or legatee who fails to appear at the time of the hearing of the petition is in any sense a party to such proceeding. . . . Upon the settlement of an account, every creditor, heir, legatee, or devisee is a person interested, and as such has a right to enter an appearance and become a party. The names of these persons generally appear upon the face of the account or upon some of the documents referred to therein, but the giving of the notice and the statement of their rights or claims does not *ipso facto* make them parties to the proceeding.' . . .

"All of the above has been stated in support of our decision that nonappearing heirs and legatees and creditors are not parties to a probate proceeding."

 The jurisdiction of the probate court in the present case was established by the giving of due notice on the filing of the petition for approval of the agreement and for distribution in accordance therewith. Its jurisdiction of the *res* thus conferred on it power to grant or deny the petition. That jurisdiction continued and when no appeal was taken from the order of partial distribution such jurisdiction extended to the hearing and determination of a motion pursuant to section 473 of the Code of Civil Procedure, after due notice, as required by that section. It must inevitably follow, however, that only such further notice in any such subsequent proceedings need be given as is expressly required by that section, which is limited to "notice to the other party".

 We may assume that personal notice to "other" or "adverse parties" is required in every proceeding under said section 473. (*McDonald* v. *Severy,* 6 Cal. (2d) 629 [59 Pac. (2d) 98]; *Gill* v. *Peppin,* 41 Cal. App. 487, 491 [182 Pac. 815].) But when the motion is made in a probate proceeding, the question of who are such other or adverse parties must be held to have been answered by the reasoning of the foregoing cited cases. The same necessity for finality and certainty in the chain of title of decedents' estates applies with equal force when the procedure under section 473 is brought into question. Representatives of decedents' estates and attorneys for many years have acted in reliance upon the provisions of the code and the pronouncements in the decision of the court that personal notice in any such

proceeding is required to be given only to those interested persons who have appeared in the probate proceeding, and that only the persons so appearing are adverse parties or parties litigant within the meaning of any provision regarding personal notice on parties. It is said that the petitioners were not interested persons or that any interest they might have was not disclosed until the filing of the petition for partial distribution. But so is it upon the initial filing of any proceeding in probate whereupon and upon compliance with the statutory provisions for notice, jurisdiction to proceed attaches. In this proceeding, jurisdiction was acquired to hear and determine the application for approval of the agreement and for partial distribution in accordance therewith. At any time after the petition for partial distribution was filed and the notice given, pursuant to section 1200 of the Probate Code, the assignees named as the prospective distributees could have filed an appearance so as to entitle them to personal notice of any subsequent proceedings. No contention is made that they were not the recipients of the statutory notice given upon the initiation of the application for distribution. Even if they could be deemed to be adverse parties by being named in the proceedings for partial distribution, and in the decree, still personal notice was not required on any such parties who had not appeared in the probate proceeding. ▮ Section 1010 of the Code of Civil Procedure, prescribing the formal requisites of a notice, also provides: "No bill of exceptions, notice of appeal, or other notice or paper, other than amendments to the pleadings, or an amended pleading, need be served upon any party whose default has been duly entered or who has not appeared in the action or proceeding." Those provisions apply in probate proceedings. (Sec. 1233, Probate Code.)

The petitioners place special reliance on the recent cases of *Toby* v. *Superior Court*, 8 Cal. App. (2d) 32 [47 Pac. (2d) 338], and *Linstead* v. *Superior Court, supra.* In the Toby case, as in the Kent case, *supra,* the court was concerned with the validity of a stipulation for a judge *pro tempore* to conduct the hearing. The matter for disposition by the probate court was a motion to vacate and set aside an order settling final account and a decree of distribution. The opinion shows that certain distributees had not signed the stipulation which was entered into only by the attorney for the administratrix

and the attorney for the moving parties. The court in that case noted the constitutional section prescribing a stipulation "of the parties litigant". It thereupon, without further consideration, held that "as the distributees were the real persons in interest, the appointment of such judge *pro tempore* was void because of their failure to consent to the appointment". It is true that in the Kent case this court distinguished the Toby case because it involved the rights of distributees. However, if the law as it relates to probate proceedings is to be kept uniform, it becomes apparent that the true distinction which retains that case in harmony with the Kent case is that it does not appear from the facts stated by the District Court of Appeal in the Toby case that the distributees had not appeared in the probate proceeding. If they appeared they were parties litigant within the meaning of the constitutional section as defined in the Kent case.

In the case of *Linstead* v. *Superior Court, supra,* a writ of review issued to test the validity of an order setting aside a decree of distribution. The ground of the petition for annulment of the order was that personal notice of the motion had not been served on the distributees, and that was also one of the grounds upon which the court there decided that the order was invalid. But what should be specially noted from the opinion is that the distributees were then represented by an attorney of record. In that case, therefore, it may be said that it affirmatively appears that the distributees had appeared in the probate proceeding, in which case they would be entitled to notice.

There is nothing said in *Estate of Mitchell*, 126 Cal. 248 [58 Pac. 549], which is contrary to the views herein expressed and approved. The remarks of the court in that case were directed to the necessity of giving the notice required by section 1663 of the Code of Civil Procedure relating to proceedings for partial distribution, namely, by posting, before the application for partial distribution could be heard.

A decree of distribution is undoubtedly a muniment of title of the highest value (*Estate of Garraud*, 36 Cal. 277; 24 Cor. Jur., p. 529), but its character in that respect does not prevent the exercise of jurisdiction by the appropriate court to set it aside in a proper case upon the giving of due notice as prescribed by law. Any such application or action brought after the jurisdiction of the probate court as such has terminated is properly addressed to the equity jurisdic-

tion of the court, and the proceeding is then *in personam*. In such cases, the distributees must be made parties and be brought into the action or proceeding by service of appropriate notice. (See *Bacon* v. *Bacon*, 150 Cal. 477 [89 Pac. 317] ; *In re Gall*, 182 N. Y. 270 [74 N. E. 875] ; *In re Leavens*, 65 Wis. 440 [27 N. W. 324].) But in the administration of decedents' estates, where the probate court has acquired jurisdiction of the *res*, a distinction must necessarily be drawn in accordance with the reasoning of the McDougald and Kent cases, *supra*, when the question of service of personal notice on interested persons is raised. To hold that personal notice is required to be served on persons interested who have not appeared, when personal notice in such case is expressly not required by statute, is to modify the statutory provisions by judicial pronouncement. So to do would have the effect of creating an inconsistency in the law applicable in such cases, and an instability therein to the extent that certainty and repose in the chain of title to decedents' estates would be greatly diminished. And if such pronouncement were made, the question would naturally arise : Should the requirement for personal notice be confined to such non-appearing distributees as are resident in this state, or should it be extended to include all, irrespective of their whereabouts or the difficulties which might be encountered thereby? It is apparent that the reasons for not requiring personal service on persons whose interests are disclosed in the probate proceeding, unless they have entered an appearance, applies as cogently when the motion is addressed to the probate court to set aside an order of distribution pursuant to section 473 of the Code of Civil Procedure. Personal service in many cases would be impossible.

██ It is not intimated that the probate court, if deemed necessary or desirable as a condition of granting the relief under section 473, may not require personal service to be made upon interested persons, including distributees, even when they have not appeared in the proceeding. ██ The petitioners, as non-appearing distributees, are not deprived of the right to have a review of the merits of the order setting aside the decree of partial distribution. The return herein discloses that upon the same hearing, after the motion to set aside the decree had been granted, the court denied the pending application for approval of the agreement and for distribution in accordance therewith. An appeal

would lie from such an order when duly made and entered. (See *Brownell* v. *Superior Court,* 157 Cal. 703 [109 Pac. 91] ; see, also, *Estate of Parsell,* 190 Cal. 454 [213 Pac. 40, 25 A. L. R. 1561].) The petitioners herein, feeling aggrieved, could appear in the probate proceeding and notice an appeal from the final order made upon the application for approval of the agreement and for partial distribution. On such appeal the propriety of that order as well as of the order setting aside the order of partial distribution would be reviewable. (Sec. 1233, Prob. Code; sec. 938, Code Civ. Proc.; *Estate of Mitchell, supra; Postal Telegraph Cable Co.* v. *Superior Court,* 22 Cal. App. 770 [136 Pac. 538] ; 4 Cal. Jur., p. 1053.)

The order designated "Order setting aside order confirming written memorandum of agreement and ordering partial distribution" is affirmed.

Curtis, J., Houser, J., Edmonds, J., and York, J., *pro tem.,* concurred.